**STATE ex MYERS v THE INDUSTRIAL COMMISSION**

Ohio Appeals, 2nd Dist, Franklin Co

No 2912. Decided December 15, 1938

R. R. Zurmehley, Columbus, and W. S. Marshall, Columbus, for relator.

Herbert S. Duffy, Attorney General, Columbus, and Eugene Carlin, Asst. Atty. General, Columbus, for respondent.

**OPINION**

By BARNES, PJ.

The above-entitled cause is now being determined as an original action in this court.

On or about March 17, 1938, relator filed his petition praying that a writ of mandamus issue from this court to the respondent, The Industrial Commission of Ohio, commanding it to find that the relator is permanently and totally disabled, and has been since the 6th day of September, 1934, and further commanding said respondent to pay compensation therefor as provided by law.

The petition, among other things, alleges that on or about the 29th day of June, 1929, relator was in the employ of the Sears & Nichols Corporation of Chillicothe. Ohio, and that at said time employer had complied with the provisions of the Workmen's Compensation Law by paying full premium into the state insurance fund; that on or about said date, in the course of his employment, relator sustained an injury when he was unloading peas from a wagon and fell a distance of about 8 feet to the brick pavement, alighting upon his buttock and as a result thereof sustained very severe injuries and fractures to his back; therafter he filed an application for compensation from the state insurance fund, and the respondent upon hearing found all jurisdictional questions in favor of relator and that he was entitled to participate in the state insurance fund because of said injuries; said commission awarded him compensation for temporary total disability for a period of approximately one year, in the sum of $882.91, and thereafter paid him compensation for the impairment to his earning capacity under §1465-80, GC, until September 6, 1934, in the sum of $3750.00, the maximum amount provided for impairment of earning capacity under said section.

Relator says that ever since the 6th day of September, 1934, he has been wholly incapacitated from performing any gainful occupation and is and has been since said date totally disabled, and that he will continue to be so disabled the balance of his natural life; that he has filed an application for compensation for permanent and total disability from said 6th day of September, 1934, with the Industrial Commission and has sought to obtain compensation therefor, as provided in §1465-81, GC; that the said Industrial Commission recognizes the physicial condition but wrongfully and arbitrarily found that he was able to perform some labor and was not permanently and totally disabled; such finding is arbitrary, wrongful and contrary to the undisputed facts. Relator further alleges that he has no adequate remedy at law; further that at the time of the injury his aver-

age weekly wage was $32.21.

Respondent in its answer, admits all the jurisdictional questions as set out in the petition; the allowance and payment of the amount alleged; the presentation of claim for further compensation for permanent total disability and then avers that on the 3rd day of February, 1938, the Commission made the following finding and order:

"That proof does not show claimant incapacitated to do work; that proof does not show claimant permanently and totally disabled, due to the injury received on June 28, 1929; that the Industrial Commission has originally assumed jurisdiction in this claim; that claim has been adequately compensated for any disability he may have suffered as a result of the injury sustained. That application for modification of award be dismissed. That the Industrial Commission retain jurisdiction in this claim under §1465-86, GC."

Respondent further answering says that the above order was made after a consideration of the evidence and the facts shown in the record in this case.

Respondent denies that it has abused its discretion in any manner whatsoever in its action in this claim.

Respondent denies each and every allegation contained in relator's petition except such as are admitted to be true.

By way of second defense, respondent says that the facts alleged in relator's petition are not sufficient to warrant the court's granting the relief prayed for.

By way of third defense, respondent says that the facts alleged in relator's petition are not sufficient to constitute a cause of action.

By way of fourth defense, respondent says that relator has plain, complete and adequate remedies at law and in equity.

Prior to the presentation of the cause in our court, counsel for relator took the deposition of the relator, A. C. Myers, and his physician, Dr. M. D. Scholl, both residing in Chillicothe, Ohio. The only other evidence presented was copy of the original file in Claim No. 1181810, in which A. C. Myers was the claimant and the Sears-Nichols Corporation, is the employer, which copy was certified by the secretary of the commission as true and correct copy of the original, all of which was on file in the office of the Industrial Commission of Ohio, at Columbus. The file contains nothing of an evidential character from either the relator, A. C. Myers, or any other persons on his behalf. It does contain detailed reports of the commission's examining physicians made at various times and in all instances the physicians and their report with the conclusion that claimant is able to perform some type of light employment, and that there is no adequate basis upon which claimant might be considered permanently and totally disabled.

Relator, in his application to modify previous award, which was signed and verified, did make the following statement:

"I am permanently and totally disabled because of the condition of my back and other injuries caused by the accident. I wish compensation for the same or a decision as to whether that condition is or is not due to the injury."

The law is well defined that exclusive jurisdiction rests with the commission to determine the extent of disability and the amount of compensation to be allowed. This court has no power to control the discretion invested in the commission, but only to correct an abuse of

**Headnote 2.** discretion if it clearly appears that the same has been abused. **State ex rel Coen v Industrial Com. of Ohio, 126 Oh St, 550.**

The proffered deposition of the relator and his physician, Dr. Scholl was objected to by counsel for the commission. It is our determination that this proffered evidence may not be considered for the reason that it was not before the commission, and we can not determine an abuse of discretion on factual questions not before the respondent.

Mandamus in no instance would be a substitute for error proceedings, nor can it constitute a hearing de novo where the basis of relief sought is a claimed abuse of discretion.

Parenthetically, we might say that the facts presented through the deposition, if uncontradicted, would make a very strong case in support of the claim of permanent total disability, but we are not passing on the merits of relator's claim but rather on the question of the claimed abuse of discretion.

In investigating this case in connection with another case submitted at the same term, demanding the same relief, to-wit, **No. 2911, Franklin County, Ohio ex rel Stelzer v Industrial Commission,** we became interested in the question as to what constituted permanent total disability, as

that term is used under the Ohio Industrial Law. We were unable to find that any court in Ohio had ever defined the term, nor do we find that the Industrial Commission has so done. We find that the courts in other states are very far apart as to what constitutes permanent total disability. In the Stelzer case, supra, we stated that a claimant under the compensation law is totally disabled if he is so impaired in body or mind, or both, as to unfit him to work at any substantially remunerative employment.

In addition to the Coen case, supra, we have also examined the two other decisions of the Supreme Court:

State ex rel Kauffman v Industrial Commission, 121 Oh St, 472;

State ex rel Hudziecko v Industrial Commission, 132 Oh St, 444.

All other citations have been examined, but we do not deem it necessary to refer to them, although in point.

Under the state of record we are constrained to the view that the writ must be denied.

HORNBECK and GEIGER, JJ, concur.