**STATE ex STELZER v INDUSTRIAL COMMISSION**

Ohio Appeals, 2nd Dist, Franklin Co

No 2911. Decided December 17, 1938

R. R. Zurmehly, Columbus, and W. S. Marshall, Columbus, for relator.

Herbert S. Duffy, Attorney General, Columbus and Eugene Carlin, Asst. Attorney General, Columbus, for respondent.

## OPINION

By HORNBECK, J.

The action is in mandamus to require respondent to award and pay to the relator compensation for permanent and total disability from May 14, 1933 for the remainder of his natural life. The petition discloses that relator oh or about July 8, 1927 was in the employ of the Hansberger, Marion and Berry Co., under contract of hire in Franklin County, Ohio, and that said company 'had complied with the provision of the Workmen's Compensation Law; that on or about the aforesaid date relator, while in the course of his employment, suffered an injury by reason of falling off a roof to the ground below, a distance of about 30 feet, sustaining 'serious injuries among which was a fracture of the humerus of the right arm and the radius and ulna of the left arm; that thereafter upon application the respondent allowed and thereafter paid compensation to the relator for temporary total disability to November 9, 1929 in the sum of $1335.34 and for impairment of his earnings to May 14, 1933 in the sum of $3,750.00, the maximum allowed by law. Relator further alleges that on May 14, 1933 and subsequent thereto he has been wholly incapacitated from performing any manual labor which would earn a livelihood. The petition then sets forth in detail the extent of relator's injuries as appears from the report of the medical examiners for respondent. Relator avers that he is entitled to compensation for his permanent total disability from May 14, 1933

and though he has repeatedly sought to obtain said compensation from said respondent it has unlawfully, arbitrarily and wrongfully refused to allow and pay the same. The first defense of the answer of the respondent is an admission of all the statistical averments of the petition and a general denial of each and every other allegation. As a second defense it is averred that the respondent acting under §1465-90, GC, has determined that relator is not permanently and totally disabled and 'that its decision thereon is final; that it has not arbitrarily refused to pay compensation to the relator and that it is without authority to pay further compensation.

The facts appearing in the certified transcript of the proceedings before the respondent disclose that the only controverted question before this court is whether or not the respondent commission abused its discretion in the determination that the relator was not suffering from permanent total disability as of May 14, 1933.

The record of the respondent shows that on September 29, 1937, R. I. Brashear, M. D., reported to the commission that the relator, age 72, injured July 8, 1927, employed as a carpenter, had a fracture of both radius and ulna, left arm near wrist. Right arm, fractured elbow, tenderness along sacral region of the spine. The doctor says that,

"Left arm. Deformity of the left wrist and a large node over the wrist; overlapping of bones makes the radius about one-half inch shorter than normal. This has allowed the ulna to project downward against the carpal bone and causes interference with the motion of the wrist. When the hand is moved inward the movement is more than normal. The radial abduction is increased. Extension and flexion slight. The hand grip is impaired and cannot completely close. All movements of the shoulder are restricted and rigid. I would say the left arm is practically useless.

Right arm. No doubt this patient suffered a fracture of the ulna, which caused callus to be thrown out and which interferes and locks the elbow joint completely destroying the function of supination and pronation of the forearm. The arm when flexed comes to about 45 degrees, when extended to about 30 degrees. The right arm can be raised above his head, showing that the right shoulder is normal.

Upon examination of the patient's pelvis I find that his back is rigid and stiff but sacro-iliac joints do not now bother him to any great degree. No doubt he suffers an arthritic condition throughout the back.

* * * * Even though this man suffered arthristis before this injury I believe that this fall agravated this condition to a great extent.

Claimant further gave a history of suffering pain in the right leg from date of injury to the present date. Varicosities which were found in the right leg (and not in the left) could possibly be attributed to the injury in question.

I feel that this man is now permanently and totally disabled and unable to cary on any gainful occupation in the future."

The record does not set forth the report of the medical staff of the commission at the time of the original injury. The first medical report that we have in the record is dated May 23, 1932 and merely purports to be a supplemental report. It is to the effect that "there does not appear to be much change in applicant's condition.

Extension of the right arm is limited to an angle of about 175 degrees; Flexion to a little less than 90 degrees. Pronation and supination are practically absent. Flexion and extension of the fingers of the right hand, however, are complete, and grip is fair. There is evidence of an old fracture of the left wrist, with a mild deformity present. Flexion of the fingers is moderately restricted. They cannot be flexed so as to touch the palm. Extention is complete, and there is a marked impairment in grip.

Claimant has a very definite disability of both arms, of a high degree, and while this disables him and makes it difficult for him to secure any type of employment that he is equipped to do, nevertheless, I do not believe that he should be considered a permanent total disability. * * * "

The next report of examination is dated July 17, 1933, in which it is said that,

"right hand is normal, right elbow has extension to 135 degrees and flexion to 75 degrees, no crepitus, supination and pronation almost complete, right shoulder normal. Left hand, none of the fingers are ankylosed and all can be flexed into palm. Does not have good use of fingers when buttoning his clothes, wrist has good motion, deformity of head of ulna, elbow has normal motion, complains of inability to raise left arm at shoulder, shoulder motion free, no crepitus, can be passively raised above a horizontal but he resists such motion.

Back shows no evidence of injury, complains of pain in sacral area. Motions free and complete, no muscle spasm or other evidence of pain on motion. Right leg shows large varicose veins below the knee and calf and ankle swollen. He does have a definite partial disability in his arms as a result of injury. He has arthritis in the lower spine which may cause some disability but I do not see that he is totally disabled and I cannot say that he is a permanent total disability."

The final report of the medical staff of the commission and upon which it is obvious the commission acted was dated on October 26, 1937. It states that,

"claimant is a well-developed, well nourished white male of the age of 63 years who walks with no limp. Right elbow is held in 45 degrees flexion, from which point he can flex to about 115 degrees. The right wrist lacks about 45 degrees of pronation and about 45 degrees of supination. The right hand shows thickening of the skin of the palm, evidencing that it is being used. The left forearm: There is internal bowing of the radius from shortening but not enough to force the hand into radial deviation. There is limitation of motion of pronation and supination of the left wrist, it lacking 60 degrees of complete supination and 45 degrees of pronation. There is limitation of flexion of the index finger of about 30%. The left wrist: Extension is normal; flexion is limited to about 35 degrees. The back: There is moderate stiffness in all directions. There are varicosities of the right leg from the knee down.

This claimant's disability consists of limitation of motion of the right elbow, weakness of the left hand and some stiffness. Added to this, there is disability of his back and the varicosities of his leg. This claimant has a definite disability as a result of his injury, but neither extremity is worse than useless, nor is the leg or back. While we recognize the definite disability, we do not believe that it should warrant the claimant as being considered totally disabled."

This report is the result of a joint examination of three doctors of the commission.

An analysis of the various reports of the staff of the commission discloses discrepancy in the findings therein made and there is considerable difference between their findings and those of Dr. Brashear and complete disagreement as to the extent of disability. It is also interesting to note

that some of the earlier examinations of the medical staff of the commission disclose conclusions that the applicant was in worse physical condition in particulars which would be of a permanent nature than he was when the final report was made.

The only thing before us are technical findings in medical terms, which are difficult of interpretation from the layman's viewpoint.

We must concede to the commission its right to give most favorable consideration to the report of its own examiners and to the last report of its examiners if it differs from other reports. **State ex rel Coen v Indus. Com. 126 Oh St 551.** The conclusion in the last report that "neither upper extremity is worse than useless" is difficult of interpretation. If either is useless it incapacitates the applicant to the full extent. If it is worse than useless it must be useless.

We have been interested to know what the term "total disability" as employed in the Workmen's Compensation act means. None of the briefs cite any authorities on this question and yet it is vital to a determination of this case. It is indeed strange that there are no reported cases in Ohio defining the term "total disability" under our Workmen's Compensation act. The books are full of such interpretations elsewhere in cases arising under insurance policies and employers liability legislation. Some of these decisions hold that total disability may result where one is incapacitated to carry on the particular employment or trade in which he was engaged at the time of his injury. A consideration of our act is convincing that it is not to be so broadly interpreted. **Sec. 1465-81, GC,** providing for compensation in case of permanent total disability uses the term without further characterization or definition. The payment to be made, however, is predicated upon the employee's average weekly wages at the time of the injury and it would therefore seem to follow that if earning capacity is left after the injury the employee could not be said to be totally and permanently disabled.

We would not hesitate to say that if inability to carry on one's occupation was the test, relator must be found to be permanently totally disabled. He is a carpenter by trade and his injuries, independent of his stiff back, are such that he is unfitted to do every essential act incident to the trade of carpentry.

One may be said to be totally disabled if he is so impaired in body or mind, or both, as to unfit him to work at any substantially remunerative employment. The act provides that the loss of any two members of the body constitute a prima facie total and permanent disability. The loss of the use of a member is for all practical purposes as severe as the loss of the member.

Insofar as we are able to interpret the medical terms setting forth the examination of relator, his right wrist and forearm is fully one-half useless in ability to turn the hand upward or downward. The left forearm and left wrist in like manner is more limited; right elbow cannot be straightened by about one-eighth limitation. Flexion of first finger of right hand is limited by thirty per cent. Although the last report does not so find, the report of July 17, 1933 is to effect that there is not good use of the fingers of the left hand and in the report of August 13, 1934 there is a finding that there is definite limitation in flexion in the joints of the fingers and that relator cannot flex the tips of his fingers firmly in the palm. There are large varicose veins in the right leg below the knee. The last examination discloses that there is moderate stiffness of the back in all directions. The reason for which is not set forth, but in the early reports the arthritic condition is recognized and it is stated that it is of long standing and progressive. We do not have the medical report made at the time of the injury.

It might well be found that the arthritis was the result, in part at least, of the fall at the time of the original injury, but the commission did not so find nor does any report of the doctors for the commission so determine. This arthritis in the back in our judgment is so material to the question of the total disability of the relator that without a determination that it is the outgrowth of the injury we could not say that his total disability is the result thereof.

If this case came to us upon original determination we would be required to say that the relator is now permanently totally disabled, but granting to the commission its discretionary power we cannot find that its conclusion is so manifestly against the probative facts as to justify us in issuing the extraordinary writ of mandamus commanding it to find that relator is entitled to an award for permanent total disability.

BARNES, PJ, and GEIGER, J., concurring.