## WHITLOCK v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 2944.   Decided Sept. 20, 1939.

Sandles, Elliott & Ashbaugh, Columbus, for Relator.

Thomas J. Herbert, Columbus. Attorney General, and E. P. Felker, Asst. Atty. Gen'l., Columbus, for Respondent.

### OPINION

By HORNBECK, PJ.

This is an action in mandamus.

On August 20, 1931, while relator was in the employ of Boyajohn & Barr of Co-

lumbus, Ohio, subscribers to the State Insurance Fund, plaintiff suffered an injury in the course of his employment which was diagnosed as bilaterial sprain of the lumbar region. Following this injury plaintiff was awarded compensation upon many applications and at different times being classified as temporary total disability and temporary partial disability.

In December, 1935, relator filed an application for modification of award alleging that he had been totally disabled on March 20, 1933, to said date in December of 1935 and sought an adjustment of compensation. This application was dismissed but as of February 5, 1936, the Commission awarded temporary partial compensation to relator on the basis of $8.25 per week to May 31, 1936.

April, 1936, the relator filed an application for reconsideration of his application for modification of date December 19, 1935. After hearing the Commission on July 14, 1936, dismissed the application for reconsideration and later on September 14, 1936, made an order dismissing relator's application for rehearing. Other applications were made by respondent seeking to require the Commission to modify its former refusal to award further compensation and the last entry of date May 18, 1937, dismissed relator's application for reconsideration. Following this order the Commission again considered relator's claim and by letter advised the respondent of date July 29, 1937, that it could not change its former ruling and that it was of opinion that the claimant's disability would not equal that of a low degree.

It would be of no advantage to set out at any greater length the chronological steps incident to the consideration by the Commission of relator's many applications.

It is the contention of relator that upon the diagnosis and reports of Doctors Charlton and Schwarzell it is established that relator suffers marked impairment of earning capacity as a result of his original injury. It appears that the Commission through its medical staff has upon many occasions examined the relator and upon extended reports to the Commission has definitely expressed the opinion that he, at the time the reports were made, was not suffering to any material degree any ill effects resultant from his original injury.

The relator insists, first, that upon the diagnosis of relator's physicians the Commission, without abuse of discretion, can not come to any other conclusion than that relator has sustained continuing impairment of earning capacity and secondly, that, if the Commission can support its adjudication upon the findings of its own medical staff, then it has abused its discretion in not directing its physicians to examine relator after he has subjected the muscles involved to exercise incident to labor.

We can not add anything to that which we have already said in cases before us involving the limits of the discretion of the Industrial Commission as announced in **State ex Stelzer v Industrial Commission of Ohio, 28 Abs 425, State ex Myers v Industrial Commission, 28 Abs 429,** and are content to rest the judgment in this case upon what we have heretofore announced in the cited cases.

A party may not invoke the extraordinary writ of mandamus against the Commission when in good faith it has exercised sound judgment in drawing inferences and making findings thereon from conflicting medical opinion before it. Nor will a court command the Commission to adopt any certain method of procedure of medical observation, examination or diagnosis. If this were done the courts would be overburdened with cases wherein it would be urged that the technique followed by the physicians of the Commission was not in accord with approved practice and that the Commission should direct them to follow some other course of procedure.

Writ denied.

GEIGER & BARNES, JJ., concur.