## STATE ex BREIDIGAN v

### INDUST. COMM.

Ohio Appeals, 2nd District,
Franklin County.

No. 3399. Decided Feb. 5, 1942.

Woodle & Wachtel, Cleveland,
for relator-appellant.

Thomas J. Herbert, Columbus,

and Albertus B. Conn, Columbus,
for respondent-appellee.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of relator's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The original action was one in mandamus, wherein relator sought a mandatory order against the respondent requiring it to enter a final order in the proceedings before the Industrial Commission, denying relator's application upon the ground that the condition of permanent and total disability is not the result of said injury.

Issues were joined; evidence presented, briefs filed and thereafter the trial court denied relief to relator and dismissed the petition. Thereafter, within proper time, relator filed a notice of appeal upon question of law, and thereby lodged the action in our court.

Relator's assignments of errors were set out under seven separately numbered specifications, but all may be summarized under the single claim that the judgment of the court was against the manifest weight of the evidence and contrary to law.

While the cause is before us as

an error proceeding, yet the errors complained of require us to make a very full examination of the entire record.

This we have done. Relator's petition is very lengthy and purports to cover the procedural steps and factual questions through which the respondent made its orders culminating in a final order denying relator's claim of permanent total disability.

The following brief summary will render understandable the nature of the controversy and the manner in which the present question arises.

Relator prior to March, 1928, was an employee of the Cooper Corporation of Fostoria, Ohio. The corporation was a subscriber to the Industrial fund and had complied with all conditions relative thereto.

On March 29, 1928, the relator, Charles Breidigan, was injured in the course of his employment. The injury consisted of a severe crushing of the palm and fingers of his right hand. As a result of the injury it became necessary to amputate all four fingers of his right hand as well as the corresponding metacarpals. These amputations were not performed in the course of one operation but were the result of several successive operations, during each of which one finger or part of a finger was amputated. It was claimed that these amputations were necessary as the result of a progressively malignant condition of the relator's right hand. It was further claimed that as a result of this condition the relator's hand has been in the past, is at the present time and will continue to be hereafter constantly painful.

The various operations referred to were all performed with the authorization of the Industrial Commission and were paid for in each instance by the Commission.

Within proper time the relator made application to the Commission for the right to participate in the fund, which application was allowed and he has been awarded and paid for the maximum period of total disability and also for the maximum amount of compensation provided under the terms of the Workmen's Compensation Act for partial disability not of a permanent nature. The last compensation paid to relator was December 14, 1937. In other words, relator has been paid the maximum amount allowed by law for all disabilities other than permanent total. Since December, 1937, relator has filed several applications for compensation for permanent total disability. These have been heard and in each instance the Commission has made a finding against the relator of permanent total disability. The last of these applications was filed on May 2, 1939. In support of this last application relator submitted more voluminous evidence than had been submitted at the previous hearings. Included in this evidence was the testimony of five physicians who lived in the same town as the relator and claimed to be personally acquainted with him and his condition. Each of these physicians testified that in their opinion the relator was permanently and totally disabled. The Commission referred the question to their medical staff. A rather complete report was made of the detailed examination, and the conclusion reached that the relator was not totally and permanently disabled.

The Commission, within due time, made its finding denying permanent total disability.

Counsel for relator complains that the Commission failed to give consideration to the proof

filed in support of relator's application, and that the file and the record of relator's claim so indicate; and also makes the claim that the Commission failed to adopt or have in mind a proper definition of the term "permanent total disability".

Our Court in the case of **State, ex rel. Stelzer v Industrial Commission**, 28 Abs, 425, syllabus 1, made the following pronouncement:

"The Industrial Commission has a right to give most favorable consideration to the report of its own medical examiners and to their last report, if it differs from other reports, as to the extent of claimed injuries."

In this same case we call attention to the fact that neither the Commission nor any court in Ohio had given a definition of what constituted total permanent disability. We undertook to formulate what to us seemed a proper definition, which is set out under syllabus 2:

"A claimant is totally disabled if he is so impaired in body or mind or both as to make him unfit to work at any substantial remunerative employment."

At the same term of Court we reiterated the above principles. **State, ex rel Myers v. Industrial Commission, 28 Abs 429.** The respondent in the instant case was also respondent in the above referred to reported cases, and the decisions were released some nine months prior to the order complained of in the case at bar.

Counsel for relator in brief seeks to raise the question that the record in the instant case demands mandatory relief independent of the question of abuse of discretion.

We are unable to follow counsel's argument in this particular.

"Exclusive jurisdiction rests with the Industrial Commission to determine the extent of disability and the amount of the compensation to be allowed."

**State, ex rel Myers v. Industrial Commission, 28 Abs., 429.**

Within this field courts have universally held that the orders and findings of the Commission are final, except where there is an abuse of discretion. Counsel's argument that the evidence in the instant case is so overwhelmingly favorable to relator's claim that the Commission's ruling can only be explained on the theory of a misunderstanding of a correct definition of the term "total permanent", or a wilful disregard of their duties, can not modify the rule as to final and exclusive jurisdiction. The argument as to the weight of the evidence under the facts in the instant case can only be considered on the question of abuse of discretion. We agree with counsel for appellant that mandatory writs may issue against the Commission in instances other than abuse of discretion, and the Supreme Court of Ohio has so held. However, in these reported cases the evidence has disclosed that the Commission has failed to follow the plain provisions of the law or has incorrectly interpreted the provisions of the law. The instant

case does not present such a situation. Had the Commission in its order denying relator's application for permanent total disability announced a standard contrary to what the courts determined constitutes such total permanent disability, then a mandatory writ might issue on the ground that the Commission had incorrectly interpreted the law. It is our judgment that the instant case presents a situation identical to that considered by us in the two cases heretofore referred to, **State, ex rel Stelzer v. Industrial Commission, 28 Abs 425,** and **State, ex rel Myers v Industrial Commission, 28 Abs 429.**

We have had before us the very able and well considered opinion of the trial court. We find no prejudicial error and consequently the judgment of the trial court will be affirmed and costs in this Court adjudged against the appellant. Cause remanded to Common Pleas Court for collection of judgment for costs and such other proceedings as may be authorized under the law

GEICER, PJ,, and HORNBECK, J., concur.