**STATE ex McDONALD, Relator v. INDUSTRIAL COMMISSION, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 3439.   Decided November 18, 1943.

34

R. A. Argabright, Dayton, and Robert C. Knee, Dayton, for relator.

Thomas J. Herbert, attorney general, Columbus, Robert E. Hall and C. G L. Yearick, asst. attys. general, Columbus, for respondent.

**OPINION**

By HORNBECK, J.

This is an action in mandamus to require the respondent to pay to the relator a balance of $5053.50 due on awards of compensation made by said respondent to the relator under dates of August 3, 1939, and October 29, 1939.

The action is the result of an order of respondent, of September 16, 1941, under relator's claim made by reason of an injury suffered by him on September 26, 1933, at which time his employer was Buick-Olds-Pontiac Sales Co., Cincinnati, Ohio. The pertinent parts of the order, which was in the form of a motion presented by a member of the Commission and duly carried, recite that the claim came on, to be heard upon the application of the claimant, filed of date September 15, 1941, wherein he demanded payment of awards in the amount of $5053.50. That by reason of a judgment in behalf of the relator and against the Commission in the Montgomery County, Ohio, Common Pleas Court, the Commission made awards to the claimant totaling $6461.99, of which sum $522.70, was reimbursement for medical and hospital expenses, upon which the amount of $1408.49 has been paid claimant, leaving an alleged balance of $5053.50. The motion further recites that in the case of **McDonald v Industrial Commission of Ohio,** No. 1560, Court of Appeals, Montgomery County, Ohio, the Court found:

"That the claimant was paid by the employer herein the sum of $7000.00 in satisfaction for damages resulting from said injury and that said Court of Appeals ordered and decreed that said sum of money be given full consideration in determining the amount of further consideration to be paid out of the State Insurance Fund."

The motion further recites that:

"By reason of the premises, the Commission finds that the claimant is not entitled to any money at the present time, and that said claimant is indebted to the Commission in the sum

of $1408.49, * * *, and it is ordered that said application be and the same hereby is disallowed."

The relator having suffered an injury in 1933 filed his claim with the Industrial Commission for an award from the Workmen's Compensation Fund, claiming that he was an employee of the Buick-Olds-Pontiac Sales Co., which was his employer and that said company was a contributor to said fund, employing the number of employees to make it amenable to said Workmen's Compensation Act and that claimant's injury arose out of and occurred in the course of his employment. His claim being denied originally and upon rehearing an appeal was taken to the Common Pleas Court of Montgomery County, Ohio, and there, upon issue joined, the cause was submitted and verdict and judgment entered on behalf of the claimant, finding that he was entitled to participate in the Workmen's Compensation Fund. Thereafter, the Commission prosecuted an appeal to the Court of Appeals of Montgomery County, Ohio, in which appeal the judgment of the Common Pleas Court was affirmed, and as a part of the opinion released by the Court on said appeal, there was set forth three syllabi, upon the second of which apparently the Commission relied in its order of date September 16, 1941, from which we have liberally quoted. The syllabi of the case in Montgomery County are as follows:

"1. Where the operator of a moving picture projection machine is employed by a sales company to attend conventions held by the company and to exhibit at such conventions pictures selected by the company, such operator is the employee of the company and not an independent contractor.

"2. The fact that an **employee** may have received a payment from his **employer** as a 'humanitarian settlement' does not bar the **employee** from participating in the Workmen's Compensation Fund. Whatever money he has received may be given full consideration by the Commission in determining the amount of further compensation to be paid out of the fund, if the facts so warrant.

"3. Where no evidence appears in the transcript of the proceedings before the commission to the effect that the employer and employee are within the terms of the statutes which would entitle the employee to receive compensation, such

defect of evidence can not be raised for the first time in a proceeding in the Court of Common Pleas, to defeat the claimant's right to compensation."

We have emphasized certain parts of the second syllabus which become important in deciding the question presented in this action.

At the outset, we must advert to the familiar legal principle announced in the second syllabus of **B. & O. Rd. Co. v Baillie, et, 112 Oh St 567**, and **The Williamson Heater Co. v Radich et, 128 Oh. St 124**, to effect that the syllabus of a decision must be interpreted with reference to the facts upon which it is predicated and the question presented to and considered by the Court.

Where a court considers a case which has been fully briefed by counsel it is difficult at times to confine the opinion strictly to the legal questions presented by the appeal. So in this case, no doubt, counsel for the Commission were urging that the settlement of $7000.00 paid to the claimant by the General Motors Company was a payment to him by his employer. This, of course, if true was most pertinent to one of the determinative issues in the case, namely, was the claimed employer in fact the claimant's employer and, if so, was the payment, in any fair view of developments, made by claimant's employer to him in any relation that would constitute a bar to an award or a liquidation of any amount that might be awarded to him by reason of his claim against the respondent.

Examination of the record before us is convincing that we could not properly have adjudicated the effect of the payment by the General Motors Company to the claimant because the conditions under which this payment was made was not in the record, it having been excluded upon objection in the trial court. Nor was there any testimony proffered upon the subject in the record which would have been the basis of a judgment in favor of the respondent upon the question now before us.

The opinion in our Court very completely sets out the issues presented upon the trial of claimant's case in the Common Pleas Court and considered on the appeal in the appellate court. The first defense put upon the claimant the obligation of making proof of his material averments. The second defense affirmatively asserted that the named employer, the

Buick-Olds-Pontiac Sales Company, was not an insurer. The third defense was that the plaintiff at the time that he received his injury was not an employee of his named employer but was acting as an independent contractor. The fourth defense was that the plaintiff was precluded from maintaining the action for the reason that he had elected to sue the Buick-Olds-Pontiac Sales Co. for damages sustained and as a result of which he received money in settlement.

The judgment on behalf of the claimant determined all of the issues material to the present inquiry in favor of the claimant, two of which are helpful in this case, namely, that he was an employee of the Buick-Olds-Pontiac Sales Co. at the time he suffered his injury and that he was not precluded from maintaining his action for the reason that he had elected to sue the Sales Co. for damages sustained and as a result of which he received money in settlement.

How then does the development respecting the payment of $7000.00 by the General Motors Company to the claimant affect the rights of claimant in the instant action in the light of the second proposition of our syllabus heretofore quoted? Our syllabus states as a premise:

"**The fact that an employee may have received a payment** from his employer as a 'humanitarian settlement' does not bar the employee from participating in the Workmen's Compensation Fund."

Then follows:

"Whatever money he.has received may be given full consideration by the Commission in determining the amount of further compensation to be paid out of the fund, **if the facts so warrant.**"

Any money received by the claimant from General Motors was not received by him from his employer because this question, who was McDonald's employer, was adjudicated in his action in Montgomery County and it was there determined that the Sales Company was his employer, and, therefore, the General Motors Company from which he received the payment could not have been his employer.

The observation made in the last part of the second syllabus is much like one of the concluding paragraphs in Judge Jones' opinion in **State ex The Trumbull Steel Company v In-**

dustrial Commission et (1922), 106 Oh St 88, wherein, by way of obiter, it was said:

"No doubt when the question comes up for consideration before the Commission that body in its determination of sole or partial dependence will give full consideration to the amount paid by The Trumbull Steel Company to the administrator."

But in the cited case The Trumbull Steel Company unquestionably was the employer of plaintiff's decedent.

Section 1465-76 GC, treating of waiver by an employee of compensation and considered at length in the opinion, was repealed in 1931. Simpson v Industrial Commission, 36 Oh Ap 316, was decided before the repeal of §1465-76.

If our syllabus is given full application, then consideration of the money paid by the General Motors Company to the claimant could be given only, if the facts so warrant. What facts would then warrant considering the amount of this payment as extinguishing or diminishing the award which the Commission was required to make to the claimant by virtue of his judgment in the Montgomery County suit. Obviously, the payment must have been made under facts which would constitute a legal bar to the payment of the award to the claimant. The election to sue his employer would not under the facts appearing in the action in Montgomery County constitute a bar because that issue was adjudicated adversely to the claim of the respondent. Then, the only bar that could be asserted would have been a payment to the claimant which could be found to be in extinguishment of his right to receive the whole or some part of the award from the Commission.

The fact that General Motors Company had paid McDonald by reason of the injury involved in his claim for compensation, was proffered in evidence at the time the Commission considered claimant's application on rehearing for an award. There was an unsuccessful attempt to bring this payment in defensively against claimant's right to an award on the appeal of his claim from the Commission to the Common Pleas Court, and it was again considered in the appeal to this Court. Finally, the question was reopened and, in the light of the second syllabus of the opinion in our Court, the effect of this payment was again considered. Giving full effect to every word in our syllabus it was necessary, if the payment was to

bar the award, that it first appear that it was made by an employer of McDonald, or on its behalf. Upon this last investigation made by the Commission, upon the report of the General Motors payment, the undisputed evidence is, that it was made by General Motors as a humanitarian settlement, solely because of some moral obligation that it felt was presented by the facts in the case and not upon any hypothesis that General Motors was claimant's employer, that it was under any legal obligation or liability to pay him, this latter matter having been foreclosed against McDonald in his suit against General Motors, nor that it was paid because of any obligation growing out of McDonald's claim for compensation before the Commission. The Commission by it formal order of September 1, 1939, found that the payment had been made by General Motors. We are unable to determine that upon the most favorable view to respondent of the payment of General Motors to the claimant, it can be construed to extinguish claimant's right to payment of the awards made to him. There is this exception, namely, that he should not twice be paid for his hospital bills and medical expenses and part of the payment of General Motors to him was for these specific purposes, as was part of the awards made by the Commission to him. The releases for these items in the record also include the Sales Company, relator's employer. The Commission should properly deduct from any sum paid to claimant the amount heretofore paid to him because of hospital bills, medical and nursing service.

It is urged by respondent that this case merely presents the question of abuse of discretion on the part of the Commission. This principle may not be given application here because under the facts the Commission had no basis upon which to exercise its discretion because they permitted of but one legal determination. It thus became a question of a conclusion of law under the undisputed facts appearing. **State ex Breidigan v Industrial Commission, 36 Abs 160.** It is our judgment that, upon the facts appearing, the writ as prayed must issue, qualified only as heretofore indicated.

BARNES, P. J., and GEIGER, J., concur.