The State, ex rel. Chrysler, v. Industrial Commission of Ohio et al.

(No. 83AP-880—Decided March 29, 1984.)

*Messrs. Barkan & Neff Co., L.P.A., Mr. I. W. Barkan* and *Mr. Gus Robbins-Penniman,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Marcia J. Harris,* for respondents.

Norris, J. Relator's claim for workers' compensation payments, as the result of a work-related injury to his low back in 1960, was allowed by the commission. At the time of his injury, relator was employed as a beer truck driver. On November 2, 1981, relator filed an application for permanent total disability compensation payments. His application was supported by reports

from Robert R. Kessler, M.D., who revealed that, as a result of his examination, he believed that relator was experiencing a "persisting impairment of function rating a high degree of at least seventy (70) percent," based upon relator's inability to tolerate prolonged standing and sitting, and the advisability of his avoiding "all bending and twisting and lifting and reaching"; that relator "would be unable to engage in any type of sustained remunerative industrial activity"; that relator was sixty-four years of age, and would be a poor candidate for rehabilitation; and that relator was permanently and totally disabled.

The commission's examining physician concluded that relator "does manifest a high moderate degree of actual impairment" of approximately sixty-five percent. He rendered no opinion as to whether relator was permanently and totally disabled.

Relator filed an affidavit stating that his only employment had been as a beer truck driver and as a golf course greenskeeper, and that he had an eighth-grade education but no specialized training.

The commission's order denying relator's application follows:

"That the Commission further find [sic] that the claimant is not permanently and totally disabled; that therefore the Application is denied.

"The finding and award is based on the following medical reports: Dr. Kackley.

"and the evidence in the file and/or the evidence adduced at the hearing."

In this original action in mandamus, relator contends that the commission must consider not only evidence of impairment (in the form of opinions rendered by medical expert witnesses), but, also, evidence of other factors such as age, sex, education, and economic and social environments (when evidence of these additional factors is before the commission) before it can make a deter-mination of whether or not a claimant is permanently and totally disabled. Here, the only evidence manifestly relied upon by the commission was an opinion of an examining physician which spoke only in terms of impairment, and did not address any additional factors or state an opinion in terms of disability. Based upon this state of the record, relator argues that the commission abused its discretion in determining that relator was not permanently and totally disabled.

In support of his contention, relator cites portions of a medical examination manual published by the commission, apparently in response to the directive found in R.C. 4121.38(B)(2). According to relator, that manual advises examining physicians to state their opinions in terms of impairment, saying that evaluation of impairment (anatomical or mental loss of function as the result of an allowed injury) is the role of the examining physician, while the commission determines disability, because disability is a legal term indicating the effect that the medical impairment has upon the claimant's ability to work. In addition, the manual advises the physician not to use the term "disability."

A claimant is permanently and totally disabled when he is unable to engage in sustained remunerative employment. *State, ex rel. Nemeth*, v. *Indus. Comm.* (1953), 96 Ohio App. 167 [54 O.O. 235]; see, also, *State, ex rel. Paragon*, v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72, at 76; *State, ex rel. Jennings*, v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, at 102. In view of the commission's distinctions between impairment and disability, it is apparent that a determination of whether or not a claimant is permanently and totally disabled cannot be determined in every instance solely by considering evidence of medical impairment. In many instances, this impairment must be viewed in the context of other factors, such as age, sex, educa-

tion, and economic and social environments, in order that the claimant's ability to work may be ascertained. In those instances, where evidence of those additional factors is before it, the commission would abuse its discretion if it were to refuse to consider those factors as a part of the total circumstances relevant to a determination of permanent total disability, since the factors when combined with medical impairment might mandate a finding of permanent total disability.

Unfortunately, however, we are unable to discern from the commission's order whether it considered the evidence of such factors submitted by relator and his examining physician.

Accordingly, we grant a writ of mandamus directing the commission to specify the basis of its decision. The commission must specifically state that evidence and only that evidence which has been relied upon to reach its conclusion, and a brief explanation stating why the relator is or is not entitled to the benefits requested. See *State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, at 483-484.

*Writ granted.*

WHITESIDE and REILLY, JJ. concur.