38

The State, ex rel. Morris, Appellee, v. Industrial Commission of Ohio, Appellant.

[Cite as State, ex. rel. Morris, v. Indus. Comm. (1984), 14 Ohio St. 3d 38.]

(No. 84-88—Decided December 5, 1984.)

*Agee, Clymer & Morgan Co., L.P.A.,* and *Mr. Philip J. Fulton,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Gerald H. Waterman* and *Mr. Lee M. Smith,* for appellant.

*Per Curiam.* It is well-settled that "* * * the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]; *State, ex rel. Posey,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 298, 299. An abuse of discretion will be found only where there is no evidence upon which the commission could have based its factual conclusion. *State, ex rel. Posey,* v. *Indus. Comm., supra*; *State, ex rel. Questor Corp.,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 240, 241 [24 O.O.3d 334], citing *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400].

In support of its order the commission relies principally upon the report of Dr. Kackley. Morris asserts that this report is deficient in that Dr. Kackley considered her status under an incorrect definition of permanent and total disability and because he emphasized in his answer to Inter-

rogatory No. 4 that he was not giving an opinion on the critical issue. This position is well-taken.

In Interrogatory No. 1, Dr. Kackley was asked what he meant by permanent total disability. He responded that "* * * PTI indicates total loss of all function." This standard is not correct. As this court noted in *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, 102, the commission's own Medical Examination Manual states that permanent total disability " '* * * is established when the injury has caused the injured worker to be unfit for sustained remunerative employment.' " A similar standard was previously recognized in *State, ex rel. Stelzer,* v. *Indus. Comm.* (App. 1938), 28 Ohio Law Abs. 425, 428. The commission correctly argues that R.C. 4123.58 does not define permanent total disability except for the loss of or loss of use of "both hands, or both arms, or both feet or both legs, or both eyes, or of any two thereof." However, the commission has already established guidelines as reflected by the Medical Examination Manual. While this court will not now attempt a further judicial definition of permanent total disability, neither will it permit the commission to override its own definitions and standards and engage in *ad hoc* determinations based upon arbitrary choices. See *State, ex rel. Jennings, supra,* at 102. Thus, Dr. Kackley's evaluation of Morris' condition was conducted using a much more stringent standard than that employed by the commission itself and cannot constitute evidence upon which the commission could rely in reaching its conclusions.

It is equally clear that Dr. Kackley expressed no opinion on the pivotal issue of whether Morris is fit to work at any sustained remunerative employment. Dr. Kackley reported that Morris suffered partial impairment of about fifty percent but not permanent total impairment. In *State, ex rel. Jennings,* this court held that where a medical expert has repudiated a conclusion made in a previous report, that report is not evidence to support the commission's order. In the present case, Dr. Kackley's answer to Interrogatory No. 4 was not an opinion on the key issue but a referral of the question to the rehabilitation section for an answer which would take non-medical factors into consideration. That response states no consideration of these additional factors and gives no conclusive answer. In summary, Dr. Kackley stated no opinion on the controlling issue and his report cannot therefore constitute evidence in support of the commission's order.

The commission's order further indicates that it relied on the report of Dr. John Q. Brown. However, since the condition, aggravation of a degenerative disc disease, was allowed subsequent to Dr. Brown's evaluation, his report does not support the commission's order. It is well-settled that medical testimony which does not evaluate the combined effect of two or more allowed conditions cannot constitute evidence that the claimant is not permanently and totally disabled. *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199].

Excluding the reports of Drs. Kackley and Brown from consideration, the only evidence properly before the commission were the reports of Drs. Loux and Matrka and the vocational expert, Rosenthal. All found Morris to be permanently and totally disabled.

The commission argues that these reports do not require acceptance because they contain infirmities on their face, in that they consider unrecognized conditions and fail to specifically attribute permanent total disability solely to recognized conditions. This court agrees with the court of appeals that the portions of the reports of Drs. Loux and Matrka asserted to be infirmities, when read in context, do not reflect a reliance upon unrecognized conditions to reach the permanent total disability conclusion.

For the foregoing reasons, this court concludes that there is no pertinent evidence upon which the commission could have based its factual conclusion that Morris is not permanently and totally disabled. The commission's order is thus an abuse of discretion. Therefore, the issuance of a writ of mandamus by the court of appeals was proper, and its judgment is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.