THE STATE, EX REL. RHODEBACK, APPELLANT, v. JOHNSTOWN MFG., INC.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Rhodeback, v. Johnstown Mfg., Inc. (1986), 26 Ohio St. 3d 115.]

(No. 85-1670—Decided August 20, 1986.)

*Michael J. Muldoon,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Sheryl L. Creed,* for appellee.

*Per Curiam.* It is well-settled that the determination of disputed factual situations is within the jurisdiction of the Industrial Commission and subject to correction by an action in mandamus only upon a showing of abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. The commission abuses its discretion when

there is "no evidence" to support its factual conclusion. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66], syllabus. Thus, the issue in this case is whether there was some evidence in the commission's file to support its factual conclusion that appellant was not permanently and totally disabled.

The commission based its factual conclusion on the medical reports of Drs. McCloud, Turton, Hardie and Davies.

## The McCloud and Turton Reports

In *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, 168 [16 O.O.3d 199], the court held that the commission, when determining whether a claimant is permanently and totally disabled, cannot admit an examining physician's report as evidence where the examining physician has not evaluated the combined effect of all conditions for which workers' compensation benefits have been allowed. The commission abused its discretion by admitting the reports of Drs. McCloud and Turton as evidence since neither evaluated the combined effect of appellant's physical and psychiatric conditions. Dr. McCloud did not evaluate the effect of appellant's psychiatric impairment and Dr. Turton did not evaluate the effect of appellant's orthopedic impairment.

## The Hardie Report

In *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, 59 [11 O.O.3d 216], the court held that the commission cannot admit a non-examining physician's report as evidence where the non-examining physician did not expressly adopt the factual findings of an examining physician as the basis for his opinion. The commission abused its discretion by admitting the report of Dr. Hardie, a non-examining physician, as evidence since Dr. Hardie did not expressly adopt the factual findings of an examining physician as the basis for his opinion.

## The Davies Report

In *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, the court noted that the terms "impairment" and "disability" as used by the commission are not synonymous. "Impairment" is a medical term measuring the amount of the claimant's anatomical and/or mental loss of function as a result of an injury or occupational disease. "Disability" is a legal term indicating the effect that the medical impairment has on the claimant's ability to work.

A doctor's opinion as to the degree of a claimant's bodily or mental *impairment* affords no basis upon which the commission can predicate a determination of the degree of *disability. State, ex rel. Morris,* v. *Indus. Comm.* (1984), 14 Ohio St. 3d 38. Since Dr. Davies' report dealt only with the degree of appellant's physical and psychiatric *impairment,* the commission abused its discretion by considering it as evidence of appellant's *disability.* There was no competent, credible evidence in the record con-

cerning appellant's *disability,* and the commission, therefore, had no evidence to support its factual conclusion that appellant was not entitled to permanent total disability.

Accordingly, the judgment of the court of appeals in issuing a writ of mandamus is hereby affirmed. Furthermore, we affirm the court of appeals' instructions that the commission shall "vacate its order * * * and * * * reexamine the evidence and issues and enter a new order determining whether * * * [appellant] is permanently and totally disabled, predicated upon the controlling issue [disability] and appropriate evidence considering the combined effects of the allowed [physical and psychiatric] conditions upon * * * [appellant's] ability to work, and to set forth briefly the reason for such determination and the evidence relied upon."

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES and DOUGLAS, JJ., concur.

LOCHER, J., concurs with opinion.

WRIGHT, J., concurs in judgment only.

CELEBREZZE, C.J., and C. BROWN, J., concur in part and dissent in part.

LOCHER, J., concurring. I concur with today's result. I do so because, in this instance, the grant of a "limited writ" serves judicial economy. Had we rejected the writ completely, a subsequent writ regarding the relief we now provide would ultimately be granted. In future cases, however, it should be noted that ordinarily *only* the relief requested should be either denied or granted. Until we adopt clear guidelines on this issue, I am satisfied, at present, in concurring in the *per curiam* judgment.

CELEBREZZE, C.J., concurring in part and dissenting in part. I concur in the majority's determination that pursuant to our holdings in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199], *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216], and *State, ex rel. Morris,* v. *Indus. Comm.* (1984), 14 Ohio St. 3d 38, the commission's denial of appellant's claim for permanent total disability benefits was an abuse of discretion.

I dissent from the majority's decision to grant only a limited writ of mandamus in this case. Appellant put forth reliable, probative and substantial evidence in support of her claim for permanent total disability benefits and the issue in this case, properly framed, is whether the commission's evidence to the contrary met such standards. *State, ex rel. Thompson,* v. *Fenix & Scisson, Inc.* (1985), 19 Ohio St. 3d 76, syllabus. In

view of the complete lack of reliable, probative and substantial evidence to support the commission's determination to deny appellant's claim, a full writ ordering a finding that appellant was permanently and totally disabled should have issued pursuant to *Thompson, supra.*

C. BROWN, J., concurs in the foregoing opinion.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. The majority correctly concludes that there is "no evidence" upon which the Industrial Commission could have properly based its denial of permanent total disability benefits. This is clearly true. However, the majority then proceeds to grant only a *limited writ* directing the commission to issue an order evaluating the effect of appellant's medical impairment upon her ability to engage in sustained remunerative employment. This is clearly *incorrect* for the following reasons.

This court has recently held that where there is no evidence upon which the commission could have based its denial of permanent total disability benefits, such denial constitutes an abuse of discretion for which the claimant will be afforded relief in mandamus. *State, ex rel. Thompson,* v. *Fenix & Scisson, Inc.* (1985), 19 Ohio St. 3d 76, syllabus. In *Thompson,* this court found such an abuse of discretion and issued a full writ directing the commission to find claimant permanently and totally disabled. I see no basis whatsoever for the "limited writ" granted herein. Under *Thompson,* appellant in this cause is entitled to the issuance of a full writ ordering a finding that she is permanently and totally disabled. This is the relief prayed for in appellant's complaint. This is the relief to which she is entitled. See, also, *State, ex rel. Morris,* v. *Indus. Comm.* (1984), 14 Ohio St. 3d 38.

CELEBREZZE, C.J., concurs in the foregoing opinion.