THE STATE, EX REL. ANDERSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Anderson, v. Indus. Comm. (1980), 62 Ohio St. 2d 166.]

(No. 79-1122—Decided May 14, 1980.)

168

*Mr. W. Michael Shay,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. William Naperstick,* for appellee.

*Per Curiam.* Appellant alleges, in her sole proposition of law, that the reports of the examining physicians who do not evaluate all the conditions allowed in her workers' compensation claim cannot be considered evidence upon which the Industrial Commission could base its order finding that she is not permanently and totally disabled.

While it may not always be necessary that the physicians evaluate *every* condition allowed in a claim, we do find that where the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled. The only evidence here which evaluated the

combined effect of the two conditions indicated that appellant was permanently and totally disabled. Therefore, since there is no evidence upon which the commission could have based its conclusion that appellant is not permanently and totally disabled, mandamus becomes appropriate. See *State, ex rel. Wallace, v. Indus. Comm.* (1979), 57 Ohio St. 2d 55, 58.

Accordingly, the judgment of the Court of Appeals must be reversed and the writ of mandamus is allowed.

*Judgment reversed and writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., dissenting. It is my belief that the commission had the discretion to enter the order which it did, based upon the totality of the file before it. I would affirm.