THE STATE, EX REL. HUGHES, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Hughes, *v.* Indus. Comm. (1982), 1 Ohio St. 3d 57.]

(No. 81-1068—Decided July 21, 1982.)

58

*Messrs. Thompson, Meier & Dersom* and *Mr. Harold C. Meier,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Uprichard, Jr.,* for appellee Industrial Commission.

LOCHER, J. The instant cause presents two questions: (1) Did the appellate court act improperly in issuing a writ of mandamus which compelled the commission to adopt either of two options and (2) did the commission abuse its discretion in denying appellant's motion for permanent and total disability? We answer both queries in the affirmative.

I

In order for a writ of mandamus to issue, the party seeking the writ must prove that the official against whom the writ is directed is under a "clear legal duty" to perform the desired act and, thus, that the relator has a "clear legal right" to the relief sought for which no "plain and adequate" legal remedy ex-

ists. *State, ex rel. Westchester, v. Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53]; *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141]. Consequently, the Court of Appeals' issuance of a writ of mandamus offering alternate forms of relief is incompatible with the very existence of the conditions necessary for a writ to issue.

An official subject to a writ of mandamus is either obligated to perform the requested act, or he is not so duty-bound. A writ of mandamus brooks no middle ground. Thus, the Court of Appeals erred in issuing its Janus-like writ. Whether any writ should have issued at all may only be determined by ascertaining the propriety of the commission's denial of appellant's motion for permanent total disability.

## II

Appellant argues that the commission abused its discretion by denying his motion for permanent total disability. We agree.

This court observed, in *State, ex rel. Anderson, v. State* (1979), 60 Ohio St. 2d 106, 108 [14 O.O.3d 339], that: "* * * It is well established that mandamus will not lie where there is some evidence to support the finding of the Industrial Commission. However, where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is presented and mandamus becomes appropriate.* * *" Appellant asserts, and we find, that, as the commission had before it no evidence upon which its decision was based, mandamus lies.

In the instant cause, only two physicians examined appellant as to both his physical and psychiatric disabilities.[1] Both found him to be permanently and totally disabled. No examining physician who found him otherwise considered both conditions. The court, in *State, ex rel. Anderson, v. Indus. Comm.* (1980), 62 Ohio St. 2d 166, 168, [16 O.O.3d 199] held that "* * * where the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled." As the record evidences a notable absence of medical testimony which evaluates both of appellant's conditions and finds him to be other than permanently and totally disabled, the commission clearly abused its discretion in denying relator's motion.

This court's decision in *State, ex rel. Teece, v. Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400], does not compel a contrary result. In *Teece, supra,* at 169, we stated that "[t]he holdings in *State, ex rel. Anderson, v. Indus. Comm.* [(1980) 62 Ohio St. 2d 166 (16 O.O.3d 199)] and *State, ex rel. Wallace, v. Indus. Comm.* [(1979), 57 Ohio St. 2d 55 (11 O.O.3d 216)], *supra,* do not require the commission to accept the factual findings stated in a properly qualified medical report at face value and unquestioningly adopt them as

---

[1] It is clear from the record that the Court of Appeals erred in finding that Dr. Bolz's conclusion was based solely on appellant's physical condition.

those of the commission." It has been suggested that, under the *Teece* ruling, the reports of Drs. Cordell, McCloud and Praul, though not evidence that appellant is other than permanently and totally disabled, nonetheless can be used to evaluate the credibility of the reports which do find him to be so. Our decision in *Teece,* however, offers no guidance in the present case.

In *Teece,* the only medical report that comported with the standard enunciated by this court, in *State, ex rel. Anderson,* v. *Indus. Comm., supra,* found the claimant to be permanently and totally disabled on the basis of his physical infirmities alone. Thus, in *Teece,* we found proper the commission's reliance on a report which found claimant's physical injuries to be less than permanently and totally disabling to deny his motion for permanent total disability. In the case at bar, no testimony exists which could effectively undermine, as did the one report in *Teece,* the credibility of two medical reports, *i.e.,* those of Drs. Bolz and Giray, both of which evaluated appellant's physical and psychiatric conditions and found him to be permanently and totally disabled.

Dr. McCloud's report, in which he concluded that appellant was only partially physically disabled, is insufficient to counter the reports of Drs. Bolz and Giray, whose recommendations were based on an evaluation of appellant's psychiatric condition as well as his physical condition. Similarly, the illations of Drs. Cordell and Praul that appellant is only partially psychiatrically disabled are inadequate to discredit Drs. Bolz's and Giray's findings of a substantial physical disability. Indeed, appellant could only be shown to be no more than partially disabled by viewing the reports of Drs. Cordell, McCloud and Praul as a single recommendation. To so construe them, however, would countenance the very result that *Anderson* forbids—the mixing and matching in crazy-quilt fashion of physical and psychiatric findings made by various physicians either to establish or deny that claimant is permanently and totally disabled.[2] A report that a claimant is permanently and totally disabled cannot, consonant with *Anderson,* be refuted by combining one physician's conclusion that claimant is only 15 percent physically disabled with another's that claimant is only 15 percent psychiatrically disabled and is, thus, merely 30 percent disabled.

Based upon the above analysis, we find improper both the commission's denial of appellant's motion for permanent total disability and the Court of Appeals' issuance of a writ of mandamus in the alternative. Accordingly, we order that a writ of mandamus issue, ordering the commission to grant appellant's motion and award him the appropriate compensation.

*Judgment affirmed, as modified.*

---

[2] In *Anderson,* we overturned a decision wherein the appellate court had apparently combined the reports of various physicians as to the percentage of the claimant's physical and psychiatric disabilities in order to arrive at a finding that she was not permanently and totally disabled.

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.
W. BROWN, J., concurs in the judgment.
HOLMES and KRUPANSKY, JJ., dissent.

CLIFFORD F. BROWN, J. concurring. I concur in modification of the judgment of the Court of Appeals so that a writ of mandamus will issue which orders the award to relator of permanent total disability without affording the commission any alternative. In affirming the judgment as modified, the majority opinion reaches a just result and makes an excellent analysis bottomed on the principle that Dr. McCloud's medical report, because it evaluated only the physical infirmity and not the psychiatric condition, was "insufficient to counter the reports of Drs. Bolz and Giray, whose recommendations were based on an evaluation of appellant's psychiatric condition as well as his physical condition." Thus, Dr. McCloud's report finding partial disability could not be considered evidence on which the commission may rely to rebut the other reports' findings of permanent, total disability.

In reaching a just result in this case a lame effort is made to distinguish this court's *per curiam* holding in *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400]. In this case, we do not permit use of the inadequate, insufficient medical reports of Drs. Lon Cordell, Edward J. Praul and W.J. McCloud, because they do not meet the standards of *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199][3] to test the reliability and credibility of the medical reports of Drs. Bolz and Giray which do meet the standards of *Anderson.* We did just the opposite in *Teece, supra,* when the majority permitted medical reports of three doctors which did not meet the standards of *Anderson* to test the reliability and credibility of the only report which was based on the combined effects of two allowed conditions.[4]

---

[3] Drs. Cordell and Praul failed to evaluate the allowed physical disability of claimant. Dr. McCloud failed to evaluate the allowed psychiatric disability.

[4] The following excerpts from the *per curiam* opinion in *Teece* reduce to the principle that reports can at the same time be irrelevant evidence and relevant evidence:

"The Court of Appeals denied the writ. The court held that the report of Dr. Kessler constituted evidence upon which the commission could have based its decision. *The court further found,* however, *that while the reports of Drs. Giray, McCloud and Horwitz were insufficient to form the basis for the commission's orders herein, they were nonetheless sufficient to evaluate the credibility and reliability of the report by Dr. Kessler. [Teece,* at 166.]

"* * *

"This court agrees with appellant that the report of Dr. Kessler constitutes evidence that the claimant is permanently and totally disabled since it complied with the requirements set forth in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199] * * *. We further agree with appellant that, based on *State, ex rel. Anderson,* v. *Indus. Comm., the medical report of Dr. McCloud cannot constitute evidence to support the commission's finding* that appellant is not permanently and totally disabled, for the report failed to consider her psychological condition which had been previously allowed by the commission. [*Id.* at 167-168.]

"* * *

We would serve the cause of justice better if we are forthright and over-rule *Teece*. It is bad law. In its place we should fashion the following rule: Where the record before the Industrial Commission contains reliable, probative and substantial evidence in accordance with the law to support a factual finding and determination that a relator is permanently and totally disabled, and there is no evidence to the contrary which meets such standards, a determination of the commission that relator is not permanently and totally disabled is an abuse of discretion by the commission for which the relator will be afforded relief in an action in mandamus.

HOLMES, J., dissenting. Although I must regretfully agree with much of what is said about *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199], I believe that the majority too narrowly applies *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400]. Consequently, I respectfully dissent.

I am compelled to concur in the majority's holding that the reports of Drs. Cordell, McCloud and Praul may not be considered to directly rebut the reports of Drs. Giray and Bolz. This is mandated by *Anderson.*

However, *Anderson* was refined by *Teece.* In *Teece,* the claimant had three allowed conditions, two physical and one psychological. The only report which could be considered evidence, that the claimant was totally and permanently disabled, reflected only the claimant's two physical conditions. Likewise, no report contrary considered all of the claimant's allowed conditions. Yet this court affirmed the commission's denial of claimant's application for permanent and total disability. We held that even though a report, failing to comport with *Anderson,* could not be used to rebut, it could be considered to test the reliability of a doctor's specific factual findings upon which he based his conclusion of permanent and total disability.[5] We said, at page 169:

"The holdings in *State, ex rel. Anderson,* v. *Indus. Comm.* and *State, ex rel. Wallace,* v. *Indus. Comm., supra,* do not require the commission to accept the factual findings stated in a properly qualified medical report at face value

---

"While the evidence in the reports of Drs. McCloud, Horwitz and Giray is insufficient in itself to support or deny a claim for permanent and total disability, it is nonetheless relevant and admissible. [*Id.* at 168.]

"* * *

"Thus, the Court of Appeals did not err in finding that *the commission could use the factual findings contained in these reports to test the credibility and reliability of the report of Dr. Kessler,* the only report herein that complied with the test set forth in *State, ex rel. Anderson,* v. *Indus. Comm.* and *State, ex rel. Wallace,* v. *Indus. Comm., supra,* that appellant was permanently and totally disabled.* * * [*Id.* at 168-169.]"

This absurd rationalizing closely approximates the classic definition of "doublethink" defined in George Orwell's 1984, at page 215, as the power to hold two contradictory beliefs simultaneously and accept both of them.

[5] Arguably, *Teece* could have rested on somewhat narrower grounds. Since the claimant's doctor based his conclusion on only the allowed physical conditions, there is no reason, under the *Anderson* rule of preclusion, not to consider a contrary report based upon the same conditions. It appears this is the basis for the majority's narrow reading of *Teece.*

and unquestioningly adopt them as those of the commission. To do so would be tantamount to allowing a physician to determine disability rather than the commission. Questions of credibility and the weight to be given evidence are clearly within the commission's discretionary powers of fact finding. See, generally, *State, ex rel. Shelton,* v. *Indus. Comm.* (1929), 121 Ohio St. 41; *State, ex rel. Ohio Bell Telephone Co.,* v. *Krise* (1975), 42 Ohio St. 2d 247 [71 O.O.2d 226]."

*Anderson* requires the commission to look beyond the "bottom line"—is the claimant permanently and totally disabled—and consider which allowed conditions underlie that conclusion. *Teece* allows the commission to examine the factual findings of all reports to assess the reliability of those which concluded that the claimant is totally and permanently disabled. The thrust of this inquiry is not whether there is "some evidence" to support the commission's denial of permanent and total disability, but, rather, did the claimant establish his right to a finding of permanent and total disability in the first instance.

Where, as here, specific factual findings of the claimant's doctor are directly contradicted by those of other doctors, I would hold that the commission does not abuse its discretion in refusing to award permanent and total disability.

Accordingly, I would reverse the judgment of the Court of Appeals.[6]

KRUPANSKY, J., concurs in the foregoing dissenting opinion.

---

[6] Although the commission has not appealed the judgment, it is incumbent upon this court to consider whether any writ of mandamus is appropriate here. See *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141].