THE STATE, EX REL. PARAGON, APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Paragon, v. Indus. Comm. (1983), 5 Ohio St. 3d 72.]

(No. 82-648—Decided May 25, 1983.)

*Messrs. Janes & Janes, Mr. Charles L. Janes* and *Mr. Douglas J. Maser,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Davidson,* for appellee.

*Per Curiam.* It is well-settled that "the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. See, also, *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396 [23 O.O.3d 358]. Furthermore, where the record contains some evidence which supports the commission's factual findings, those findings will not be disturbed. *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77 [14 O.O.3d 275]; *State, ex rel. G F Business Equip., Inc.,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 446 [20 O.O.3d 379]; *State, ex rel. Allerton, supra; State, ex rel. Kilburn,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 103. Conversely, "[w]here there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate." *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, at 42 [13 O.O.3d 30].

Our review of the record indicates that of the five reports contained in the commission file pertaining to appellant's claim for permanent and total disability benefits, all five comply with the directive issued in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199]. Therein, this court observed that where the issue before the commission concerns a claimant's application for permanent and total disability benefits, based upon two or more allowed conditions, "* * * medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled." *Id.* at 168.

The reports of Drs. Buchholz, Johnston and Cordell, however, deviate from the evidentiary standard enunciated in *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216]. Stated briefly, our holding in *State, ex rel. Wallace* requires a non-examining physician, who renders an opinion, to expressly adopt the factual findings of one or more examining physicians, which appear in the record, as the basis for his opinion. This rule, as interpreted in *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400], also extends to medical opinions in combined effect claims, where the examining physician only examines for one allowed condition.

In *State, ex rel. Teece, supra,* Drs. Geray and Horwitz performed psychiatric examinations. Neither physician, however, examined the claimant as to her physical infirmities, nor did they expressly adopt the findings of

a physician who had examined the claimant in that regard. This court concluded that "[s]ince neither report expressly adopted the factual findings of those who actually examined * * * [the claimant], they cannot constitute evidence upon which the commission may rely." *Id.* at 168.

The omissions held fatal in *State, ex rel. Teece,* are equally fatal to the reports of Drs. Buchholz and Johnston. These physicians, each of whom is a psychiatrist, conducted independent mental examinations only. Although each physician then proceeded to reach a conclusion based on the combined effect of appellant's physical and mental conditions, neither physician expressly adopted the findings of a physician who had conducted a physical examination.

Additionally, the psychological evaluation performed by Lon Cordell, Ph.D., contravenes the standard erected in *State, ex rel. Wallace,* on facts virtually identical thereto. Dr. Cordell, like the physician in *State, ex rel. Wallace,* did not personally examine appellant. Rather, appellant's medical file was referred to Dr. Cordell for purposes of review and the issuance of a report. A careful examination and review of Dr. Cordell's report reveals the absence of any reference, whatsoever, to the factual findings of any physician who previously examined appellant.[1] Under these circumstances, this court has clearly held that the "opinion * * * rendered does not constitute evidence to support a subsequent order of the commission." *Id.* at 59.

Accordingly, there are but two reports in the file which comply with this court's holdings in *Anderson, Wallace* and *Teece:* those of Drs. Palmer and Cullen,[2] each of whom conducted physical and mental examinations, thus obviating the necessity to expressly adopt the factual findings of an examining physician.

The report of Dr. Cullen provides, in pertinent part:

"As for his depression problems and psychiatric problems I really would have to go along with the past history that this has him 100% disabled for work. I really don't know. * * * If the patient were motivated he could probably work driving a truck, but this in [*sic*] not the case. There are probably alot [*sic*] of jobs that he could do with the knee that is as minimally injured as it is, but he is never going to."

Several observations concerning this report should be made. Although Dr. Cullen opines that appellant is totally disabled, he then states that he is uncertain. Dr. Cullen further indicates he does not believe appellant will ever

---

[1] In view of our holding, we need not determine whether a psychologist may expressly adopt the physiological findings of one or more examining physicians, in accordance with *State, ex rel. Wallace, supra,* and then proceed to issue an opinion concerning a claimant's disability upon which the commission may rely.

[2] The commission maintains that Dr. Cullen's medical report fails to comply with the standard set forth in *State, ex rel. Wallace* and *State, ex rel. Teece, supra.* This argument is entirely devoid of merit as the report specifically refers to Dr. Cullen's physical and neurological examinations.

return to work, yet he subsequently indicates that if the patient was "motivated," he could probably work. However, Dr. Cullen fails to clarify what he meant by the use of the term "motivated," and furthermore, it is unclear from the report whether the lack of motivation is directly attributable to the depressive neurosis. In short, Dr. Cullen's report is, at best, equivocal and, accordingly, we conclude that it does not constitute evidence upon which the commission may either grant or deny appellant's application.

Dr. Palmer's medical report concludes as follows:

"The impairment due to depressive neurosis is in addition to his physical impairment, and when combined with them probably makes him *incapable of sustained gainful employment.*" (Emphasis added.)

In accordance with the provisions of R.C. 4121.38(B)(2),[3] the commission's Medical Section has issued a Medical Examination Manual which states, at page vi, that permanent total disability "* * * is established when the injury has caused the injured worker to be *unfit for sustained remunerative employment.*" (Emphasis added.)

Recently, in *State, ex rel. Jennings,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 101, this court reviewed the aforementioned medical manual and definition. We concluded that the purpose of R.C. 4121.38(B)(2) is to promote consistency in medical evaluations and the commission is not at liberty to simply "* * * override its own definitions and standards." *Id.* at 102.

Although Dr. Palmer's medical report does not employ the often used phrase "permanent and total" when describing appellant's disability, nonetheless, his conclusion that appellant is "incapable of sustained gainful employment" is sufficiently equivalent to the commission's definition of permanent and total disability. Accordingly, we conclude that Dr. Palmer's report constitutes some evidence that appellant is permanently and totally disabled and, since the record is devoid of any evidence to the contrary, appellant is entitled to a writ of mandamus.

Therefore, for all of the foregoing reasons, the judgment of the court of appeals is reversed and the writ is hereby allowed.

*Judgment reversed and*
*writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., concur separately.

---

[3] R.C. 4121.38 provides, in pertinent part:

"(B)  The medical section shall:

"* * *

"(2)  Issue a manual of commission policy as to impairment evaluation so as to increase consistency of medical reports. This manual shall be available to the public at cost but shall be provided to all physicians who treat claimants or to whom claimants are referred for evaluation * * *."

HOLMES, J., dissents.

CLIFFORD F. BROWN, J., concurring. I concur in the analysis and judgment in this case, but I disapprove utilization of the meaningless "some evidence" jargon and citations related thereto, for reasons oft-stated. *State, ex rel. Kilburn,* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 103, 106 (dissenting opinion); *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396, 399-400 [23 O.O.3d 358] (dissenting opinion); *State, ex rel. Berry,* v. *Indus. Comm.* (1983), 4 Ohio St. 3d 193, 196-198 (C. BROWN, J., concurring separately).

J. P. CELEBREZZE, J., concurs in the foregoing concurring opinion.