THE STATE, EX REL. KELLY, *v.*
INDUSTRIAL COMMISSION ET AL.

(No. 83AP-587—Decided
February 9, 1984.)

*Edward J. Cox Co., L.P.A.,* and *Mr. Edward J. Cox, Sr.,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Mr. Renny J. Tyson,* for respondent Industrial Commission.

NORRIS, J. Relator, John R. Kelly, seeks a writ of mandamus directing the Industrial Commission to award him permanent total disability benefits, on the ground that the commission abused its discretion by entering an order denying him those benefits, since the order was not supported by any evidence.

Relator's workers' compensation claim for a low back injury sustained in 1968 was allowed, as was his subsequent claim for psycho-physiological musculoskeletal reaction secondary to the original back injury. His motion for a permanent total disability award was denied by the Industrial Commission "based on the medical reports of Drs. Sidow, Ward, Muskat, Stein, Hardie, Krohn, the evidence in file and/or the evidence adduced at the hearing."

Relator contends that, with the possible exceptions of Drs. Ward and Hardie, none of the doctors evaluated the combined effect of both allowed conditions, and their opinions cannot therefore constitute evidence that he is not permanently and totally disabled, citing *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199]. He also argues that only the opinion of his examining physician, Dr. Ward, that he was permanently and totally disabled, constitutes proper evidence since Dr. Ward properly evaluated the combined effect of both allowed conditions, and expressly accepted the factual findings of other examining physicians related to his second allowed condition, as required by *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216]; while the commission's physician, Dr. Hardie, who did not examine relator but nevertheless concluded that relator was not permanently and totally disabled, failed to comply with the requirements of *Wallace.*

Because we agree with relator's contention that Drs. Ward and Hardie were the only physicians who purported to evaluate the combined effects of relator's allowed conditions, and the commission denied relator's motion, we must examine Dr. Hardie's report to determine whether it constituted some

evidence to support the commission's order.

The document signed by Dr. Hardie is on a form captioned "MEADAD REVIEW SHEET," the preprinted portions of which read as follows:

"The claimant has previously been examined on the question of permanent total for the allowed conditions, physical as well as psychiatric (if any).

"May we have a medical opinion on the combined effect of claimant's allowed conditions as to whether claimant is permanent total.

"* * *

"All medical reports have been reviewed and I am of the opinion based upon the allowed condition(s) that the claimant *is not* PT for the following reason(s):" (Emphasis *sic*.)

After this preprinted language, this handwriting appears:

"Available medical evidence does not support a related PTD. The claimant is oriented, can relate, has an intact memory, fair judgment & no psychosis. He has a heel & toe gait with no apparent need for ambulation aids. There's no significant motor or sensory deficits. He has a functional range of motion. No significant weakness. X-rays did not show significant changes."

The report concluded with the preprinted words "Current Impairment (*if not PT*)," followed by the handwritten words "50% (combined)." The form is signed by Dr. Hardie on the line designated "Signature of Reviewing Physician."

Such a document falls far short of the standards of fundamental fairness and evidentiary reliability demanded by the Supreme Court in *Wallace*. The use by the commission and its non-examining physician of preprinted "boiler plate" language that "[a]ll medical reports have been reviewed" clearly violates the requirement of *Wallace* that a non-examining physician must expressly accept the factual find-

ings of examining physicians as a predicate to the non-examining physician's opinion. In addition, the use of preprinted conclusions contravenes the spirit of the *Wallace* standard of fundamental fairness. Rather than constituting evidence, this kind of review sheet should be regarded as nothing more than an internal commission document embodying the advice of a commission employee who has reviewed the file. We have previously, and in some detail, commented on the deficiencies of commission practices in this regard, and are confident that the commission will conform its practices to these comments. See *State, ex rel. Taylor,* v. *Indus. Comm.* (1982), 7 Ohio App. 3d 263, at 265-266.

We also note that Dr. Hardie could not have accepted the findings of all examining physicians since some of the factual findings he recites are contrary to those found by Dr. Ward upon his examination of relator in September 1978. However, we are not required to search the file and read all medical reports and compare them with Dr. Hardie's file review in order to ascertain whether he accepted the findings of all examining physicians. In order for the opinion of a non-examining physician to be considered as evidence, the physician must specify which medical reports he has reviewed and, after expressly accepting the findings of the examining physicians, point out with some specificity the basis of the opinion he draws from the factual findings of the examining physicians.

Because there was no evidence to support the order of the commission, and the only evidence in the file properly evaluating the combined effect of relator's allowed conditions supports relator's motion, the commission clearly abused its discretion in issuing the order and we therefore grant a writ in mandamus directing the Industrial Commis-

sion to find relator to be permanently and totally disabled.

*Writ granted.*

REILLY, J., concurs.

MOYER, J., concurs separately.

MOYER, J., concurring. While I concur in the judgment of the majority, I do so only for the reason that Dr. Hardie, as a non-examining physician, failed to indicate that he accepted the findings of other physicians as required by *State, ex rel. Wallace, v. Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216]. To the extent that the majority opinion indicates that the commission may not devise and use a form that states that the non-examining physician has reviewed and accepted the findings of another medical report or reports, I do not agree with the opinion. Fundamental fairness is not subverted by a physician signing a preprinted form which contains the words that are required by *Wallace* and *State, ex rel. Taylor, v. Indus. Comm.* (1982), 7 Ohio App. 3d 263. The majority's implied requirement that the non-treating physician may not use a properly drafted preprinted statement would promote form over substance to the benefit of no one, and would represent a unique exception to the manner in which virtually every matter is submitted to and disposed of by the commission.