THE STATE, EX REL. STROUP, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as State, ex rel. Stroup, *v.* Indus. Comm. (1984), 11 Ohio St. 3d 179.]

(No. 83-942—Decided June 20, 1984.)

*Gallon, Kalniz & Ioria Co., L.P.A., Mr. Steven M. Spitler* and *Mr. Marc G. Williams-Young,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith* and *Mr. Michael L. Squillace,* for respondent Industrial Commission.

*Per Curiam.* In *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, 168 [16 O.O.3d 199], this court found "that where the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled." Relator argues that the reports of Drs. McCloud and Van der Veer did not evaluate the combined effect of the physical and psychiatric conditions upon which his application was based and that, therefore, they cannot constitute evidence upon which the commission could have based its conclusion that relator was not permanently and totally disabled.

Respondents argue first that the *Anderson* test does not apply to the reports of Drs. McCloud and Van der Veer, and, in the alternative, that if it does, the reports may still be used to discredit other medical evidence. Respondents vigorously contend that Dr. McCloud's report does, in fact, evaluate the combined effect of relator's allowed conditions. In support of this contention they excerpt several small portions of his report and direct the court's attention to the following: (1) Dr. McCloud notes that relator's claim was allowed for the condition of chronic depression and conversion

reaction, (2) he reports that he discussed relator's history with him, (3) he indicates that he reviewed relevant portions of relator's file, and (4) he mentioned that relator suffers from dizziness and black-outs, symptoms which respondents suggest are related to a conversion reaction. From this, respondents reason that Dr. McCloud's conclusion was based upon an evaluation of the combined effect of the allowed conditions.

It is clear that respondents can illustrate only a minimal connection to the psychiatric condition. This court in *Anderson* rejected a report which, like that of Dr. McCloud, made passing reference to certain allowed conditions. In that case, the report of Dr. Richard Villarreal concluded that the claimant suffered from a twenty-five to thirty percent psychiatric disability "above and beyond any physical disability benefits that have been granted her." *Id.* at 167. Dr. McCloud's report fails the *Anderson* test.

Respondents also argue that *Anderson* does not apply to the report of Dr. Van der Veer because he concluded that relator's disability was temporary. It is contended that such a report may always constitute evidence that a claimant is not *permanently* and totally disabled, even if it does not evaluate the combined effect of two allowed conditions. Although this position is not devoid of logic, the rule in *Anderson* is clear. Passing the test depends upon the evaluation of the *combined effect* of two or more allowed conditions presumably because it is understood that the whole may be more than the sum of its parts when determining disability. Therefore, Dr. Van der Veer's report also fails the *Anderson* test.

Respondents cite the well-established rule that "where the record contains some evidence to support the commission's factual findings, these findings will not be disturbed." *State, ex rel. Humble, v. Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77, 79 [14 O.O.3d 275]. In the instant case, however, the commission, in its order, stated, "[t]he medical reports of Drs. McCloud and Vander Veer [*sic*], were reviewed and evaluated. The findings and order are based particularly on the medical reports of Drs. McCloud and Vander Veer [*sic*], evidence in the file and the evidence adduced at the hearing." Respondents argue that even if the reports of Drs. McCloud and Van der Veer are rejected, the record contained nothing to support relator's claim.

A review of the record shows that Dr. Lowery did not express any particular opinion as to the nature and extent of relator's disability but did advise against his returning to work. Dr. Thatcher's reports essentially reflect some degree of recovery culminating in his estimation that relator could return to regular work on January 1, 1983. Both doctors' reports, however, are clearly limited to relator's lumbar injury and therefore cannot constitute evidence under the *Anderson* test.

Dr. Mann stated that relator was permanently and totally disabled. A report which allegedly would have provided the necessary details to support this opinion was never submitted to the commission. Furthermore, Dr. Mann made only one brief reference to relator's physical condition, such that his report fails the *Anderson* test.

In *State, ex rel. Hughes, v. Indus. Comm.* (1982), 1 Ohio St. 3d 57, this

court held that a medical report finding a claimant permanently and totally disabled due to the combined effect of two allowed conditions may not be discredited by treating, as one report, distinct reports separately evaluating only one of the allowed conditions. That holding is inapposite to the instant case because essentially, all of the evidence presented to the commission on relator's second motion for permanent total disability failed the *Anderson* test.[1] The commission was nevertheless obligated to make a determination of relator's claim.

This court in *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 168 [22 O.O.3d 400], determined that reports which are themselves insufficient due to application of the rule in *Anderson* may, nevertheless, be used to test the credibility and reliability of other reports. Inasmuch as the findings of Dr. Lowery's report did not address the issue of permanent total disability, and Dr. Mann's conclusion was not supported by specific findings, the commission was entitled to give them little weight. Moreover, because the conclusions of Drs. Lowery and Mann conflict with those of Drs. McCloud and Van der Veer, and considering Dr. Thatcher's most recent conclusion that relator was experiencing some degree of recovery, the commission could reasonably have concluded that relator's condition had improved. Relator failed to meet his burden of proof. The commission's findings will not, therefore, be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278 [71 O.O.2d 255]. The writ prayed for is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., concurs in judgment only.

CLIFFORD F. BROWN, J., concurring in judgment only. I am constrained to concur with the majority due to the unfortunate absence from the record of Dr. DeFronzo's report, as explained in footnote 1 of today's decision. Had this report been before this court, the result of this case most likely would have been very different, as it appeared to be the only report which satisfied the *Anderson* test. Thus, it would have constituted the sole item of evidence upon which the commission could properly have based a decision. Without this crucial report, today's decision to deny relator's writ is virtually inevitable.

---

[1] Relator alleges that Dr. Nicholas R. DeFronzo evaluated both of relator's allowed conditions and found him to be permanently and totally disabled. This report, however, was not appended to relator's brief before this court and apparently was not submitted to the commission on relator's second motion for permanent total disability. Inasmuch as relator did return to full-time employment after being declared permanently and totally disabled in accordance with Dr. DeFronzo's findings, the commission may reasonably have concluded that relator's condition had improved and that Dr. DeFronzo's dated conclusions were no longer valid.