THE STATE, EX REL. MONTELLO, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Montello, *v.* Indus. Comm. (1986), 25 Ohio St. 3d 239.]

(No. 85-1351—Decided August 6, 1986.)

*Mancino, Mancino & Mancino* and *Paul Mancino, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark E. Mastrangelo,* for appellee Industrial Commission.

*Squire, Sanders & Dempsey, Robert H. Gillespy, David J. Somrak* and *Preston J. Garvin,* for appellee Cleveland Builders Supply Company.

*Per Curiam.* Appellant's application for an increase in permanent partial disability benefits was governed by R.C. 4123.57 which provides, in pertinent part:

"(B) The district hearing officer, upon such application, shall determine the percentage of the employee's permanent disability, except such as is subject to division (C) of this section, based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment *evidenced by medical or clinical findings reasonably demonstrable.* * * * Except on application for reconsideration, review, or modification, which is filed within ten days after the date of receipt of the decision of the district hearing officer, in no instance shall the former award be modified unless it is found from such medical or clinical findings that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent partial disability. An application for reconsideration so filed shall be heard by a staff hearing officer and his decision shall be final. *No application for subsequent percentage determinations on the same claim for injury or occupational disease shall be accepted for review by the district hearing officer unless supported by substantial evidence of new and changed circumstances developing since the time of the hearing on the original or last determination.*" (Emphasis added.)

The principal contention advanced by appellant centers upon the medical report submitted by Dr. Arnold, a nonexamining physician, who, after analyzing Dr. Ljuboja's report, concluded as follows:

"No increase in the amount of PPI [permanent partial impairment] is warranted by the findings presented by Dr. Ljuboja. In my opinion there is no worsening of the effects of the allowed conditions."

Appellant is correct in his contention that the commission was not at liberty to consider Dr. Arnold's analysis as constituting *medical evidence* upon which to grant or deny benefits since, as a nonexamining physician, he did not expressly adopt the factual findings of one or more examining physicians as the basis for an opinion. See, *e.g., State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216]; *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199]; *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400]; *State, ex rel. Paragon,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72.

This is not to say that the commission could not seek an analysis of the medical report from Dr. Arnold to serve as guidance for its determination. However, in order to constitute a medical report upon which the commission was entitled to rely, when granting or denying benefits, the report must have expressly adopted findings revealed by an examining physician's report. Thus, the only report in the file complying with the standards set forth in *Wallace, Teece* and *Anderson* was the report of Dr. Ljuboja.

By the clear and unambiguous requirements of R.C. 4123.57(B), it is

incumbent upon a party seeking an increase in his percentage of permanent partial disability to present "substantial evidence of new and changed circumstances developing since the time of the hearing on the * * * last determination." In spite of this requirement, the medical report submitted by appellant was devoid of any reference whatsoever that the medical conditions described therein represented new or changed conditions which developed since the date of the commission's prior determination in May 1982. In essence, the report is a recapitulation of the history, findings and recommendation previously submitted by Dr. Neuman, which fails to characterize the conditions as having arisen subsequent to the commission's prior review of an increase in appellant's permanent partial disability benefits.[2]

It has long been this court's view that since the writ of mandamus is an extraordinary remedy, the burden is on the relator to demonstrate a clear legal right for the issuance of the writ. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141]; *State, ex rel. Gerspacher,* v. *Coffinberry* (1952), 157 Ohio St. 32 [47 O.O. 31]. In the case at bar, the medical evidence relied upon by appellant failed to satisfy the requirements imposed pursuant to R.C. 4123.57(B) and, as such, we conclude the commission did not abuse its discretion in denying the application for an increase in benefits.

For the foregoing reasons, the judgment of the court of appeals, denying the writ, is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

---

[2] We emphasize that the similarity between the medical reports of Drs. Neuman and Ljuboja did not, in and of itself, fatally flaw appellant's request for benefits. Thus, a claimant with a recognized injury may choose to seek an increase in permanent partial disability compensation as a result of his belief that his injury has worsened over a period of time. In the event the request for an increase in benefits is denied, the claimant is not prohibited by the provisions of R.C. 4123.57(B) from seeking similar compensation at a later date, provided, however, that the worsening condition developed *since* the commission's previous determination and that the application is supported by *substantial evidence* to that effect.