THE STATE, EX REL. KRUMM, APPELLANT AND CROSS-APPELLEE,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND
CROSS-APPELLANT, ET AL.

[Cite as State, ex rel. Krumm, *v.* Indus. Comm. (1986),
28 Ohio St. 3d 100.]

(No. 86-765—Decided December 24, 1986.)

*James E. Buchan, Jr.,* for appellant and cross-appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Michael L. Squillace,* for appellee and cross-appellant Industrial Commission.

This cause, on appeal and cross-appeal from the court of appeals (case No. 85AP-354), is reversed on authority of *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* (1986), 26 Ohio St. 3d 197.

SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., separately dissent.

CELEBREZZE, C.J., dissenting. I dissent because the only binding effect of the plurality decision in *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* (1986), 26 Ohio St. 3d 197 is on the litigants in that case. It is impossible to ascertain what "authority" *Rouch* actually stands for since there was no majority opinion or syllabus in that case. I adhere to the views expressed in my dissenting opinion in *Rouch* and believe that a responsible application of the "combined effect" rule first enunciated in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199], dictates that a full writ issue.

CLIFFORD F. BROWN, J., dissenting. The majority reverses the court of appeals on the basis of *State, ex rel. Rouch,* v. *Eagle Tool & Machine Co.* (1986), 26 Ohio St. 3d 197. I dissent to this result for the reasons expressed in my dissenting opinion in that case, and for the following additional reasons.

In my view, the relator-appellant is entitled to a full writ granting her the compensation she sought for temporary total disability under *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199]. None of the reports before the commission evaluated the combined effect of claimant's two allowed conditions as required by *Anderson.* Accordingly, I would issue a full writ granting claimant benefits for temporary total disability. I do not accept the form of "limited" writ issued by the court of appeals, remanding the case to the commission for an evaluation of the combined effect of claimant's conditions. It is my view that a remand has never been a function of the writ of mandamus. Either the writ should be issued or it should be denied. Remand is a function of the appeal process, of which mandamus forms no part.

Therefore, I dissent.