THE STATE, EX REL. YERIAN, APPELLANT, *v.* CITY OF JACKSON ET AL., APPELLEES.

[Cite as State, ex rel. Yerian, *v.* Jackson (1988), 35 Ohio St. 3d 13.]

(No. 86-1620 — Decided January 6, 1988.)

*Michael J. Muldoon,* for appellant.
*John L. Detty,* law director, for appellee city of Jackson.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffery W. Clark,* for appellee Industrial Commission.

*Per Curiam.* The crux of this appeal involves appellant's assertions that the commission wrongfully relied upon the reports of Drs. Turton and McCloud and that the only qualified evidence before the commission was the report of appellant's treating physician, Dr. Williams, which supported appellant's prayer for permanent and total disability compensation. Appellant supports these claims by citing *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, 16 O.O. 3d 199, 404 N.E. 2d 153. In *Anderson,* this court established an evidentiary rule which prevented the commission from relying on any medical evidence that did not evaluate the combined effect of all the claimant's recognized conditions.

Appellant's reliance on *Anderson* is no longer valid. In *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936, this court specifically overruled the *Anderson* decision and abandoned the combined-effect evidentiary standard announced therein, by holding:

"This court's role in the review of mandamus actions challenging the Industrial Commission's decision as to the extent of disability in cases involving multiple allowed conditions shall henceforth be limited to a determination as to whether there is some evidence in the record to support the commission's stated basis for its decision." *Burley, supra,* syllabus.

In this case, the commission's denial of appellant's application for permanent and total disability compensation was premised particularly upon the reports of Drs. Turton and McCloud. Dr. Turton estimated that appellant's psychological impairment was in the range of ten percent and Dr. McCloud estimated appellant's orthopedic impairment at five percent. We find that these reports constitute some evidence to support the commission's determination that appellant is not permanently and totally disabled and affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.