THE STATE, EX REL. VERNON, APPELLANT, *v.* GOODYEAR AEROSPACE CORPORATION ET AL., APPELLEES.

[Cite as State, ex rel. Vernon, *v.* Goodyear Aerospace Corp. (1988), 35 Ohio St. 3d 40.]

(No. 86-1502—Decided January 13, 1988.)

*Michael J. Muldoon,* for appellant.

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellee Goodyear Aerospace Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Donald Ford,* for appellee Industrial Commission.

*Per Curiam.* Appellant proposes that the medical reports on which the commission bases its conclusion were deficient in that (1) they did not address the pivotal issue of whether the claimant is permanently and totally disabled, as allegedly required in *State, ex rel. Paragon,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72, 5 OBR 127, 448 N.E. 2d 1372, and (2) these medical reports did not consider the combined effect of the recognized disabilities, as mandated in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, 16 O.O. 3d 199, 404 N.E. 2d 153.

In regard to the claim that the evidence did not address the extent of the claimant's disability, this court has

noted on a number of occasions that the medical evidence before the commission need only address the claimant's degree of impairment. It is the commission that must determine claimant's disability. *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 10 OBR 482, 462 N.E. 2d 389; *State, ex rel. Elliott,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 76, 26 OBR 66, 497 N.E. 2d 70. Hence, the fact that the medical evidence relied upon by the commission does not take into account claimant's disability in no way affects the validity of such evidence.

Similarly, appellant's reliance on *State, ex rel. Anderson, supra,* is also misplaced. In *Anderson,* this court established an evidentiary rule which prevented the commission from relying on any medical report which did not consider the combined effect of all the claimant's recognized conditions in a case involving multiple injuries. However, the *Anderson* decision and its accompanying evidentiary doctrine were recently overruled in *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. A writ of mandamus may only issue where the relator demonstrates, *inter alia,* a clear legal right to the relief requested. *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 8 O.O. 3d 36, 374 N.E. 2d 641. For the reasons set forth in this opinion, we find that appellant has failed to meet this burden and hereby affirm the judgment of the appellate court.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.

MOYER, C.J., and H. BROWN, J., not participating.