THE STATE, EX REL. MARSHALL, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as State, ex rel. Marshall, *v.* Indus. Comm. (1988), 35 Ohio St. 3d 65.]

(No. 86-1106—Decided January 27, 1988.)

66

*Kondritzer, Gold & Frank Co., L.P.A., M. R. Kondritzer* and *Edward Cohen,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Tyrone K. Yates,* for appellee.

*Per Curiam.* In her first proposition of law, appellant alleges that the only evidence before the commission which properly evaluated the combined effect of all appellant's recognized conditions was the report of Dr. Livingston. As this report was supportive of appellant's prayer for permanent and total disability compensation, appellant contends that the commission's decision to deny such compensation was rendered without the requisite "some evidence" to support said decision.

This proposition is predicated on this court's judgment in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, 16 O.O. 3d 199, 404 N.E. 2d 153, which established an evidentiary doctrine precluding the commission's consideration of evidence which did not evaluate the combined effect of all the claimant's recognized

conditions. However, this court has recently overruled its previous judgment in *Anderson* and abandoned the combined-effect evidentiary doctrine established therein. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. Accordingly, appellant's objection based on the *Anderson* combined-effect evidentiary doctrine is no longer valid.

Next, appellant challenges the commission's reliance on the non-examining report of Dr. Dillahunt, on the basis that Dr. Dillahunt does not state with sufficient specificity which examining physician's findings he relied upon in deriving his own conclusions.

This court need not consider the merits of this proposition because the Industrial Commission did not premise its judgment exclusively on Dr. Dillahunt's report. The commission states that its decision was based "particularly on the medical reports of Drs. Parsons, Berger and Dillahunt." Pursuant to this court's judgment in *State, ex rel. Burley, supra,* the reports of Drs. Parsons and Berger constitute some evidence which would support the commission's determination.

For the reasons set forth in this opinion, we hereby affirm the decision of the court of appeals denying appellant's petition for a writ of mandamus.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.

MOYER, C.J., not participating.