DECISION
{¶ 1} Relator, Ronald D. Warnock, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting relator a ten-percent permanent partial disability ("PPD") award and ordering the commission to issue an order finding that he is entitled to a twenty-four percent PPD award.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed an objection to that decision.
 {¶ 3} Relator first asserts that Dr. Bhaskar V. Reddy's December 16, 1999 medical report was equivocal and ambiguous, and, thus, could not constitute "some evidence." He claims that the report is ambiguous because in the physical examination section of the report, Dr. Reddy indicated relator was "Otis Lewis," 5'8", and fifty-seven years old, instead of stating his correct name, height (5'9"), and age (fifty-nine years old). The magistrate found that there was no ambiguity and that no real question was raised as to the identity of relator or whether the report actually pertained to him. Relator argues that this court should not speculate that Dr. Reddy made an inadvertent error in indicating the wrong individual.
 {¶ 4} We have found no other cases in which a doctor's report was found to be ambiguous or equivocal because it stated the relator's wrong name once or had the relator's wrong height and age indicated. Equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement. State ex rel. Eberhardt v. Flxible Corp. (1994),70 Ohio St.3d 649, 657. Further, "the commission, in its prerogative, can disqualify as fatally flawed a report that is so internally inconsistent as to negate its credibility." State ex rel. Cox v. Greyhound Food Mgt., Inc., (2002), 95 Ohio St.3d 353, 357.
 {¶ 5} We find that, under the circumstances of this case, Dr. Reddy's report constitutes "some evidence." The report is not ambiguous and is not so internally inconsistent that it cannot be "some evidence" supporting the commission's decision. In Dr. Reddy's report, relator is referred to by his correct name eight times, and as "Otis Lewis" only once. Further, the minor discrepancies regarding height and age are reasonable and do not raise any suspicion of ambiguity or material inconsistency. When reviewing the entire report, the commission could have determined these to be mere typographical errors of no consequence. We find that when Dr. Reddy's report is viewed in total, it is apparent that his report refers to relator. As the magistrate noted, the physical objective findings, history review, and treatment overview contained in all of the reports from Drs. Reddy, Arnold Penix, and Richard Ward, are substantially the same. All three doctors indicated the same or similar findings with regard to the following: (1) relator's work history relating to his employer and position; (2) relator's weight; (3) relator's injury date of November 30, 1994; (4) relator's injury being caused by a large wrench; (5) relator's history of treatment with Dr. John Roberts; (6) relator's lack of surgical history; (7) relator's complaints of constant pain in his low back; (8) relator's trouble standing and sitting for long periods; (9) radiation of pain into relator's legs; (10) mild flattening of relator's lumbar lordosis; (11) the degrees of flexion, extension, and right and left lateral bending; and (12) the allowance for disc herniation at L4-L5. Thus, when comparing all three doctor's reports, it is readily apparent that Dr. Reddy was, indeed, referring to relator when completing his report, and we find no ambiguity or internal inconsistency in the report. Therefore, the commission could have relied upon the report as some evidence, and relator's objection is without merit.
 {¶ 6} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objection, we overrule the objection and find that the magistrate sufficiently discussed and determined the issues raised.
 {¶ 7} Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and deny relator's request for a writ of mandamus.
Objection overruled; writ denied.
TYACK, P.J., and LAZARUS, J., concur.
 APPENDIX A IN MANDAMUS {¶ 8} Relator, Ronald D. Warnock, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting relator a ten percent permanent partial disability ("PPD") and ordering the commission to issue an order finding that he is entitled to a twenty-four percent PPD award.
Findings of Fact:
 {¶ 9} 1. Relator sustained a work-related injury on November 30, 1994, and his claim was originally allowed for "[s]prain lumbar region."
 {¶ 10} 2. On October 30, 1996, relator filed an application for the determination of his percentage of his permanent partial impairment. By order dated December 18, 1995, the Bureau of Workers' Compensation ("BWC") found that relator was entitled to a five percent PPD award.
 {¶ 11} 3. Subsequently, relator filed a motion requesting that his claim be additionally allowed for certain other conditions. By order dated May 13, 1999, relator's claim was additionally allowed for "right L4-5 disc herniation."
 {¶ 12} 4. Thereafter, relator filed an application for an increase in his degree of permanent partial impairment.
 {¶ 13} 5. Relator was examined by BWC physician, Dr. Bhaskar K.V. Reddy, who concluded that after noting relator's physical findings, he had a seven percent whole person impairment for the allowed conditions in the claim. In that report, Dr. Reddy referred to relator by name on several occasions; however, on one of those occasions, Dr. Reddy indicated that relator's name was "Otis Lewis."
 {¶ 14} 6. Based upon the report of Dr. Reddy, the BWC issued a tentative order awarding relator a seven percent PPD award.
 {¶ 15} 7. Both relator and his employer, Cincinnati Milacron, Inc., filed objections to the BWC's tentative order.
 {¶ 16} 8. On January 27, 2000, relator was examined by Dr. Richard M. Ward, an independent medical evaluator. Dr. Ward concluded that relator suffered a twenty-four percent whole body impairment due to the allowed conditions.
 {¶ 17} 9. Relator was also examined by Dr. Arnold R. Penix, who concluded that relator suffered a ten percent permanent partial impairment.
 {¶ 18} 10. The objections to the BWC order were heard before district hearing officer ("DHO") on July 14, 2000, and resulted in a finding that relator had ten percent permanent partial disability based upon the reports of Drs. Penix, Reddy and Ward.
 {¶ 19} 11. Relator filed objections with the commission based on the fact that Dr. Reddy had indicated that he was examining in court "Otis Lewis" and not relator. By order mailed September 13, 2000, a staff hearing officer ("SHO") denied relator's request and affirmed the prior DHO order based upon the reports of Drs. Ward, Penix and Reddy.
 {¶ 20} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 21} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 22} Relator's sole basis upon which he challenges the commission's order is that Dr. Reddy misstated his name and indicated that instead of him being 5'8" tall and 59 years old, Dr. Reddy indicated that he was 5'7" tall and 57 years old. Further, Dr. Penix noted that relator was 64 years old. Relator argues that these errors make it impossible to know if the findings and opinions contained within their reports actually apply to relator or to some other individual. Upon review of the record in this case, this magistrate finds that relator has not demonstrated that the commission abused its discretion in relying upon the reports of Drs. Reddy and Penix.
 {¶ 23} In making an assessment of the percentage of permanent partial impairment to which a claimant is entitled, age is not a factor. If this case involved permanent total disability compensation, then relator's argument might have some merit, although a difference of one year is not necessarily fatal. Instead, relator challenges the report of Dr. Reddy who had noted that relator had a seven percent permanent partial impairment. The commission found that relator was entitled to a ten percent PPD award based upon the consideration of all three reports. The commission abuses its discretion when it issues an order which is not supported by any evidence in the record. Furthermore, the weight to be given the evidence is clearly within the commission's discretionary powers as factfinder. In the present case, there is some evidence in the record to support the commission's findings and relator's challenges to the commission's order do not amount to an abuse of discretion on the commission's part.
 {¶ 24} Relator cites State ex rel Paragon v. Indus. Comm. (1983),5 Ohio St.3d 72; State ex rel. Eberhardt v. Flxible Corp. (1994),70 Ohio St.3d 649, and contends that Dr. Reddy's report is equivocal and ambiguous and constitute some evidence to support the commission's decision. However, equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions or fails to clarify an ambiguous statement.
 {¶ 25} In the present case, there is no ambiguity. Dr. Reddy inadvertently used the wrong name and indicated that relator was one inch shorter and two years younger. Likewise, Dr. Penix indicated that relator was 64 years old. However, when reviewing all three doctors' reports (Reddy, Penix and Ward), this magistrate notes that their physical objective findings are very similar. Further, the history portions of all three reports are the same as are the doctors' recitations of relator's treatment. There is no real question raised as to the identity of relator and whether these reports actually pertain to the examinations concerning him. The doctors' reports simply differed in terms of what they concluded was relator's percentage of permanent partial impairment. Given the discretion on the part of the commission, the commission determined that relator was entitled to the ten percent PPD award. Because the minor errors in the reports of Drs. Reddy and Penix go to the weight of the evidence, and because this magistrate finds that the errors were insignificant in terms of the overall determination being made with regard to a percentage of permanent partial impairment, this magistrate finds that relator has not found that the commission abused its discretion in relying on the reports of Drs. Penix, Ward and Reddy in determining that he was entitled to a ten percent PPD award.
 {¶ 26} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated the commission abused its discretion in granting him a ten percent permanent partial disability award and this court should deny relator's request for a writ of mandamus.