THE STATE, EX REL. FREDERICK, APPELLANT, *v.* GALION COUNTRY CLUB; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Frederick, *v.* Galion Country Club (1986), 25 Ohio St. 3d 364.]

(No. 85-1606—Decided August 13, 1986.)

Michael J. Muldoon, for appellant.

Anthony J. Celebrezze, Jr., attorney general, Janet E. Jackson and Sheryl L. Creed, for appellee.

Per Curiam. The basis of appellant's argument is that, while individual physicians and a psychologist made particular findings with respect to her lumbosacral strain and her accompanying depressive neurosis, none of the reports complied with recent holdings which follow State, ex rel. Anderson, v. Indus. Comm. (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199]. In that case, we stated at 168 that: "* * * [W]here the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled." (Emphasis added.)

It is admitted that the psychologist, Dr. Howard, indicated that appellant had a twenty percent impairment from the psychiatric condition alone; that Dr. Brown concluded she had a thirty-five percent impairment as a result of the psychiatric condition alone; and that Dr. Kackley allowed that she was thirty percent impaired as a result of her back injury alone. There is no question that these reports cannot be solely relied upon to deny appellant permanent total disability under the Anderson standard.

However, appellee relies on the file review performed by Dr. Dillahunt which encompassed both of the conditions from which appellant suffers. Dr. Dillahunt concluded that:

"Although the claimant cannot return to her former occupation [waitress], it is within reasonable medical probability that the combined effects of the allowed conditions would not preclude claimant from performing some other substantially remunerative occupation." (Emphasis added.)

We hold that the above findings fully satisfy the standard adopted in State, ex rel. Anderson, v. Indus. Comm., supra.

Appellant also asserts that Dr. Dillahunt's analysis is defective since it did not accept the findings of appellant's examining physicians and psychologist. This argument is premised upon State, ex rel. Paragon, v. Indus. Comm. (1983), 5 Ohio St. 3d 72, 74, where we stated that: "a non-examining physician, who renders an opinion, * * * [must] expressly adopt the factual findings of one or more examining physicians, which appear in the record, as the basis for his opinion."

We note at the outset that the reviewing physician must accept the factual findings of the other examining physicians and specialists but need

not be encumbered by their conclusions predicated upon such findings. We, therefore, find support in Dr. Dillahunt's statement that:

"The entire file has been reviewed and the *subjective and objective findings* of the consulting, examining and treating physicians as well as the hospital records * * * myelograms, lumbosacral spine films and EMG have all been reviewed and found to be acceptable." (Emphasis added.)

We find that, as a matter of fact, Dr. Dillahunt's file review demonstrated the required acceptance of all other reviewing physicians' and specialists' factual findings.

Accordingly, the decision of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., concur separately.

WRIGHT, J., concurs in judgment only.

CLIFFORD F. BROWN, J., concurring. I concur in today's decision for the reason that the Industrial Commission's order denying appellant's motion for permanent total disability was supported by substantial, reliable and probative evidence in the form of the report of Dr. Dillahunt. I agree that the reports of Dr. Brown, psychologist Howard and Dr. Kackley could not constitute evidence to support the commission's order in that they do not satisfy the requirement of *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199]. However, the report of Dr. Dillahunt remains and, for the reasons set forth in the majority opinion, does constitute substantial, probative and reliable evidence supporting the commission's order. Therefore, I concur.

CELEBREZZE, C.J., concurs in the foregoing concurring opinion.