THE STATE EX REL. DRESSER INDUSTRIES, INC., MARION POWER SHOVEL, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Dresser Industries, Inc., Marion Power Shovel v. Indus. Comm.* (1995), 73 Ohio St.3d 349.]

(No. 94–637—Submitted June 21, 1995—Decided August 23, 1995.)

350

" * * *

*Vorys, Sater, Seymour & Pease, Elizabeth T. Smith* and *Randall W. Mikes,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Industrial Commission.

*Stewart R. Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellee Timmons.

---

*Per Curiam.* Two issues are before us: (1) Did the commission abuse its discretion in relying on Dr. Holbrook's report? and (2) If so, is there nonetheless "some evidence" of permanent total disability? For the reasons to follow, the appellate court's judgment is affirmed.

In awarding permanent total disability compensation, the commission relied on the reports of Drs. Mortero, Grodner, Howard, and Holbrook. Dr. Holbrook's opinion was based not on personal examination, but upon a review of claimant's medical records. In related assertions, Dresser accuses Holbrook of: (1) consid-

ering nonallowed conditions and (2) rejecting the factual findings of claimant's examining physicians. Neither contention is persuasive.

As to Dresser's first assertion, there is no express mention of claimant's pre-existing psychiatric condition anywhere in Holbrook's narrative. Dresser alleges more subtle evidence of this fact, citing Holbrook's specific reference to Dr. Altman with whom "this position of permanent total impairment is shared." Because Dr. Altman has consistently based his permanent total impairment opinion, in whole or part, on claimant's pre-existing psychiatric condition, Dresser argues that Holbrook inherently considered that condition when he expressly concurred with Dr. Altman.

We disagree. While Holbrook indeed mentioned Dr. Altman's report, he only "noted" that Altman found permanent total impairment. Holbrook did not say that he based his conclusion on Altman's report. Moreover, review of the psychiatric findings cited by Dr. Holbrook reveals that almost all findings were taken from Dr. Howard's report, not Dr. Altman's.

Holbrook specifically attributed permanent total impairment to "the combined effects of the allowed conditions of the industrial injury of 7–26–83." Again, there is no express reference to any nonallowed conditions. Coupled with the factors noted above, we decline to reject Holbrook's report on this basis.

In a similar vein, Dresser contends that Dr. Holbrook did not accept the factual findings of claimant's examining physicians, thereby rendering the report fatally defective. This, too, fails.

Dresser accurately recites the controlling law. Non-examining physicians must accept the factual findings of those who actually examined the claimant. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. It is apparent from Dr. Holbrook's factual recitation that the findings of other examiners were accepted. His report expressly so states.

Dresser's real complaint appears to be with Dr. Holbrook's failure to adopt the impairment conclusions that others attached to those findings. Dresser essentially argues that Holbrook erred in assessing an impairment that exceeded the maximum industrial psychiatric impairment of thirty-five percent found by Drs. Altman and Howard. However, as *State ex rel. Frederick v. Galion Country Club* (1986), 25 Ohio St.3d 364, 365–366, 25 OBR 414, 415, 496 N.E.2d 905, 908, emphasized, "the reviewing physician must accept the *factual findings* of other examining physicians and specialists but need not be encumbered by their conclusions predicated upon such findings." (Emphasis *sic*.) Holbrook was therefore entitled to conclude that claimant's psychiatric symptoms indicated a

Class III psychiatric impairment that foreclosed sustained remunerative employment.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.